Timothy M. Bechtold
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| CHAD BURTON HILL and LOUISA BISSETTE<br><br>                    Plaintiffs,<br><br>        vs.<br><br>PAUL BURT, TED CALDWELL, FLYING J RANCH, LLP, BEAVERHEAD COUNTY SHERIFF DAVID WENDT, BEAVERHEAD COUNTY, and DOES 1-10,<br><br>                    Defendants. | CV 23-34-BU-DWM<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT WENDT'S MOTION TO DISMISS** |

## Table of Contents

*TABLE OF AUTHORITIES* .................................................................................3

*FACTUAL BACKGROUND* ...........................................................................5

*STANDARD*.........................................................................................................6

*ARGUMENT* .......................................................................................................8

   **I.**   **The statute of limitations began to run on September 11, 2020, when the arrest warrants for Hill and Bissette were filed in the Beaverhead District court**...........................................................................................8

   **II.**   **The statute of limitations to file a §1983 claim against Defendant Wendt was tolled while Hill and Bissette were facing erroneous criminal charges**................................................................................................10

   **A.**   **Hill and Bissette have been diligent in pursuing their rights before, during, and after unlawful arrest on September 11, 2020.**............................12

   **B.**   **Extraordinary circumstances existed that caused Hill and Bissette to file a complaint after the statute of limitations had run**.................................15

   ***III.***   ***Hill and Bissette successfully stated a claim against Defendant Wendt.*** .....18

   **A.**   **Count 1 - §1983**..........................................................................................18

      1.   Defendant Wendt violated Hill and Bissette's Fourteenth Amendment Due Process Rights. ....................................................................................18

      2.   Defendant Wendt violated Hill and Bissette's Fourth Amendment Right to be free from unreasonable searches when he presented false information to secure a search warrant. ....................................................................................21

   **B.**   **Count 3 – Violation of Montana Constitutional Rights** .........................22

   **C.**   **Count 4 – Negligence** ................................................................................23

   **D.**   **Counts 5 and 6 – Negligent and Intentional Emotional Distress**..........24

   **E.**   **Count 8 – Conspiracy** ...............................................................................25

*CONCLUSION*..................................................................................................26

*CERTIFICATE OF COMPLIANCE*................................................................26

## TABLE OF AUTHORITIES

**CASES**

*Ademiju v. United States,* 999 F.3d 474, 477 (7th Cir. 2021). ……………….. 16

*Amtrak v. Morgan,* 536 U.S. 101, 122 S. Ct. 2061 (2002). ……………………18

*Arthur v. Pierre Ltd.,* 2004 MT 303, 323 Mont. 453, 100 P.3d 987. ………….12

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). …………………7

*Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004). …………………10

*Bagley v. CMC Real Estate Corp.*, 923 F.2d 758 (9th Cir. 1991). ……………..9

*Bassett v. Lamantia*, 2018 MT 119, 391 Mont. 309, 417 P.3d 299. …………...24

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). 7, 19

*Beverly v. Morris,* 470 F.2d 1356 (5th Cir. 1972). …………………………….21

*Bradford v. Scherschligt*, 803 F.3d 382 (9th Cir. 2015). …………………….9, 10

*Burns v. Barreto*, 2011 U.S. Dist. LEXIS 52715 (E.D. Cal. May 5, 2011). …...9

*Cornel v. Hawaii*, 501 F.Supp.3d 927 (2020). ……………………………………9

*Daniels v. Williams*, 474 U.S. 327, 331, 106 S. Ct. 662 (1986). ………………20

*Doe v. United States*, 75 F.4th 64 (2nd Cir. 2023). ……………………………16

*Fisher v. Swift Transp. Co., Inc.*, 2008 MT 105, 342 Mont. 335, 181 P.3d 601. ……………………………………………………………………………24

*Foss v. National Marine Fisheries Service*, 161 F.3d 584 (9th Cir. 1988). …...20

*Harris v. Carter,* 515 F.3d 1051 (9th Cir. 2008). ………………………………...12

*Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010). ………………...……………7, 19

*Holland v. Florida,* 560 U.S. 631, 130 S. Ct. 2549 (2010). …………...12, 13, 16

*Hydrick v. Hunter*, 500 F.3d 978 (9th Cir. 2007). ……………………………21

*Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978). …………………………21

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005). ………………..……………7, 19

*Long v. County of Los Angeles,* 442 F.3d 1178 (9th Cir. 2006). ………………20

*Lozeau v. GEICO Indem. Co.,* 2009 MT 136, 350 Mont. 320, 207 P.3d 316. ...11

*Lucchesi v. Bar-O Boys Ranch,* 353 F.3d 691 (9th Cir. 2003). ………………..12

*Macias v. City of Clovis,* 2014 U.S. Dist. LEXIS 107621 (E.D. Cal. August 4, 2014). ……………………………………………………………………..22

*Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018). …………………………18

*Norco Construction, Inc. v. King County*, 801 F.2d 1143 (9th Cir. 1986). ……..8

*Reed v. Goertz*, 143 S. Ct. 955 (2023). …………………………………………9

*Sacco v. High Country Indep. Press*, 271 Mont. 209, 896 P.2d 411 (Mont. 1995). ……………………………………………………………………..25

*Schoof v. Nesbit*, 2014 MT 6, 373 Mont. 226, 316 P.3d 831. ……………...11, 12

*Schumacker v. Meridian Oil Co.,* 1998 MT 79, 288 Mont. 217, 956 P.2d 1370. ……………………………………………………………………………26

*Smith v. Davis,* 953 F.3d 582 (9th Cir. 2020). …………………………………..8

*State v. Bullock*, 272 Mont. 361, 901 P.2d 61 (1995). …………………………23

*Supermail Cargo, Inc v. United States*, 68 F.3d 1204 (9th Cir. 1995). …………8

*Trimble v. City of Santa Rosa*, 49 F.3d 583 (9th Cir. 1995). …………………..11

*Wallace v. Kato,* 549 U.S. 384, 127 S. Ct. 1091 (2007). ……………………..7, 9

*Williams v. Filson,* 908 F.3d 546 (9th Cir. 2018). ………………………...………12

**STATUTES**
Montana Code Annotated §27-2-204 (2023). ………………………………..……8

**CONSTITUTIONAL PROVISIONS**
U.S. Const. Amend. XIV ……………………………………………19, 21, 22

U.S. Const. Amend. IV ………………………………………...…22, 23, 24

**FACTUAL BACKGROUND**

Plaintiffs Chad Hill and Louisa Bissette live in the Foxley Minor Subdivision on Kezia Lane in Dell, Beaverhead County, Montana. Defendants Burt and Caldwell also live in the subdivision. Burt and Caldwell are partners in Defendant Flying J. In 2020, Hill and Bissette were licensed through the Montana Department of Public Health and Human Services ("DPHHS") to grow marijuana in their barn, located on a property near their home on Kezia Lane. Defendants Burt and Caldwell did not like that Hill and Bissette were growing marijuana on Kezia Lane and began taking actions to prevent Hill and Bissette from continuing to conduct their business. Burt and Caldwell initiated litigation against Hill and Bissette, trespassed onto Hill and Bissette's property, and enlisted Defendant Wendt, at the time the Deputy Sheriff of Beaverhead County, to manufacture a criminal case against Hill and Bissette.

Wendt took it upon himself to investigate Hill and Bissette for over a year, despite knowing that their conduct was legal and licensed. Wendt was clear in his objective to arrest Hill and Bissette: Wendt spoke openly about conducting a criminal raid on Hill and Bissette' property and intentionally used incorrect information to secure a search warrant. As a result of Wendt's investigation, Hill and Bissette were charged separately in September 2020 for three felonies. Hill and Bissette endured these related criminal proceedings for seventeen months before

the unwarranted charges were dismissed. Hill and Bissette lost their property, suffered severe mental anguish and distress, suffered damage to their personal relationships and their reputations, and suffered economic harm. Hill and Bissette allege the following claims against Wendt in this matter: 42 U.S.C.§ 1983 (Count 1); Violation of Rights Under the Montana Constitution (Count 3); Negligence (Count 4); Negligent Infliction of Emotional Distress ("NIED") (Count 5); Intentional Infliction of Emotional Distress ("IIED") (Count 6); and Conspiracy (Count 8).

Defendants moved to dismiss for Hill and Bissette's failure to state plausible claims and for filing an untimely complaint. Hill and Bissette contend, as laid out below, that these claims are not barred and they have pleaded plausible claims against Defendant Wendt.

**STANDARD**

To survive a motion to dismiss under FRCP12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). The court accepts all factual allegations in the complaint as true, construes the pleadings in the light most favorable to the plaintiff, and resolves all doubts in the plaintiffs' favor. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); *Hebbe v. Pliler,* 627 F.3d 338, 340 (9th Cir. 2010). "Detailed

factual allegations are not required, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Further, Defendants argue that Hill and Bissette's claims are barred by the expiration of the statute of limitations. Claims brought under §1983 borrow the forum state's statute of limitations for personal injury claims. *Wallace v. Kato,* 549 U.S. 384, 387 (2007)*.* There is a three-year statute of limitations on personal injury claims in Montana that begins when the plaintiff "knows or has reason to know of the injury which is the basis of the action." MCA §27-2-204 (2023); *Norco Construction, Inc. v. King County*, 801 F.2d 1143, 1145 (9th Cir. 1986). Here, the statute of limitations did not begin to run until September 11, 2020, when the arrest warrants for the Hill and Bissette were filed. However, even if the statute of limitations began when the unlawful search was conducted on April 20, 2020, the doctrine of equitable tolling is permissible in this case.

> A motion to dismiss based on the running of the statute of limitations period may be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." In fact, a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.

*Supermail Cargo, Inc v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995).

Courts take a flexible, fact-specific approach to equitable tolling, meaning in determining whether the equitable tolling doctrine applies, courts must evaluate the particular circumstances of each case. *Smith v. Davis,* 953 F.3d 582, 586-89 (9th Cir. 2020).

## ARGUMENT

### I. The statute of limitations period began to run on September 11, 2020, when the arrest warrants for Hill and Bissette were filed in the Beaverhead County District Court.

A federal claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Norco,* 801 F.2d at 1145. A plaintiff's §1983 action arises when he suffers a harm following a deprivation of his constitutional rights. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761 (9th Cir. 1991). In *Bagley*, the plaintiff's action arose when he was incarcerated following a deprivation of his constitutional rights at trial. Here, the starting point of Hill and Bissette's action was when their arrest warrants were filed on September 11, 2020. Regardless of the illegality of the search of their Quonset hut on April 20, 2020, Hill and Bissette did not suffer actual harm until they were subject to arrest because it was the criminal charges and proceedings that impacted their livelihood and wellbeing, not the search itself. *See Bradford v. Scherschligt*, 803 F.3d 382, 387 (9th Cir. 2015). *See also Cornel v. Hawaii*, 501 F.Supp.3d 927,

945 (2020) (court finding that a defendant's due process rights are implicated upon arrest); *Wallace*, 549 U.S. at 388 (finding that the action occurred when the plaintiff was arrested); *Reed v. Goertz*, 143 S.Ct. 955, 961 (2023) (finding that Reed's §1983 claim for a violation of his due process rights was complete and the statute of limitations began to run when state litigation ended).

In *Bradford,* based on the initiation of criminal charges that were based on allegedly fabricated evidence, the court found that the resultant injury of the violation of Bradford's due process rights began on the date that Bradford was acquitted, despite the fabrication itself taking place several years prior. While the *Bradford* court specifically evaluated when a *Devereaux* claim accrues, this case is similar to *Bradford* because the *Bradford* court considered the principles of accrual and looked to the common law tort most analogous to Bradford's claim and found the most similar tort to be malicious prosecution, because it "involves the right to be free from the use of the legal process that is motivated by malice and supported by probable cause." 803 F.3d at 388 (citing *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004)). In the case of malicious prosecution, the court noted that a claim did not accrue until the proceedings against the plaintiff were terminated. *Bradford*, 803 F.3d at 388.

Here, Hill and Bissette's claim is like malicious prosecution and a *Devereaux* claim because Wendt conspired with other Defendants and used his

position as a Deputy Sheriff to subsequently wield the legal process to arrest Hill and Bissette. Hill and Bissette spent seventeen months facing three felony charges each because of Wendt's conspiracy with the other Defendants trying to harm Hill and Bissette. Fabricating evidence, maliciously prosecuting, and committing conspiracy to arrest are all severe abuses of power when exercised by law enforcement officers who are acting in the course and scope of their official duties. Hill and Bissette ask the Court to find that Hill and Bissette's claims accrued on September 11, 2020, when they were subject to arrest.

However, should this Court find that the cause of action did not occur when Hill and Bissette were subject to arrest, but rather occurred when Officer Wendt improperly conducted a search of Hill and Bissette's Quonset hut on April 20, 2020, then this Court should rule that Hill and Bissette's claims are subject to equitable tolling and thus still actionable.

## II. The statute of limitations to file a §1983 claim against Defendant Wendt was tolled while Hill and Bissette were facing erroneous criminal charges.

"State law [] determines the application of tolling doctrines." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). The Montana Supreme Court has said that

> [A] plaintiff must first show a reasonable and good faith pursuit of one of several possible remedies and then demonstrate the [following] three criteria

[] have been satisfied: (1) the defendant was notified timely within the statute of limitations by the filing of the first claim; (2) the defendant's ability to gather evidence for defense of the second claim was not prejudiced; and (3) the plaintiff reasonably and in good faith filed the second claim.

*Lozeau v. GEICO Indem. Co.,* 2009 MT 136, ¶14. However, the Montana Supreme Court has made it clear in *Schoof v. Nesbit* that this three-part test is appropriate in cases involving alternate legal remedies but "the rationale behind the doctrine of equitable tolling serves broader purposes than merely those embodied by this test." 2014 MT 6, ¶34. The court in *Schoof* expanded Montana's approach to equitable tolling and continued to reject a "one-size-fits-all approach" that would "undermine the purpose of equitable tolling" and "deprive a plaintiff of his [] rights." *Schoof* at ¶37. In several cases, the Montana Supreme Court has chosen to utilize the federal equitable tolling rules. *See Arthur v. Pierre Ltd.,* 2004 MT 303, ¶¶40-42. The Montana Supreme Court has not taken a specific stance on equitable tolling as it relates to §1983 claims. Given that other states in the Ninth Circuit have adopted specific rules for equitable tolling as it relates to these claims – *see, e.g., Lucchesi v. Bar-O Boys Ranch,* 353 F.3d 691 (9th Cir. 2003); *Harris v. Carter,* 515 F.3d 1051 (9th Cir. 2008); and *Williams v. Filson,* 908 F.3d 546 (9th Cir. 2018)) – and the Montana Supreme Court has historically favored the expansion of equitable tolling, or at the very least the use of the federal rules when no specific state law applies.

Under the federal rules, a petitioner seeking equitable tolling bears the

burden of establishing that he has been diligent in pursuing his rights and that some

extraordinary circumstance stood in his way and prevented timely filing. *Holland*

*v. Florida*, 560 U.S. 631, 649 (2010). The Supreme Court also held in *Holland* that

"in order to relieve hardships arising from a hard and fast adherence to more

absolute legal rules, courts must often exercise their equity powers on a case-by-

case basis, demonstrating flexibility and avoiding mechanical rules." *Holland,* 560

U.S. at 632 (citations omitted).

### A. Hill and Bissette have been diligent in pursuing their rights before, during, and after their unlawful arrest on September 11, 2020.

> The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.' In determining whether reasonable diligence was exercised courts shall "consider the petitioner's overall level of care and caution in light of his or her particular circumstances," and be "guided by 'decisions made in other similar cases ... with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" What we make clear is that it is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights.

*Holland*, 560 U.S. at 650-53 (citations omitted). In *Holland*, the Court found that

Holland was diligent in pursuing his rights by writing numerous letters to his

counsel seeking crucial information and providing direction, by repeatedly

requesting that his counsel be removed from his case, and by filing his own pro se habeas petition on the day he learned his AEDPA filing period had expired.

Here, Hill and Bissette were diligent in pursuit of their rights prior to being arrested, while facing criminal charges, and immediately after the criminal charges were dismissed. Prior to their arrest, Hill and Bissette were in active negotiations and litigation with the other defendants to work out their disagreements over Hill and Bissette' legitimate medical marijuana grow operation, and entered into an agreement with Burt, Caldwell, and Flying J. Hill and Bissette then complied with all terms of their agreement with Burt, Caldwell, and Flying J. Hill and Bissette then reasonably relied on the settlement reached between them and Burt, Caldwell, and Flying J. Hill and Bissette's efforts to mollify Burt, Caldwell, and Flying J were done to retain their business, ensure peace with their neighbors and within their home, and protect their livelihood. However, it turns out that Defendants Burt and Caldwell pretended to agree to a settlement to induce Hill and Bissette to move their marijuana grow operation from Dell to a location in Lima, knowing that Defendant Wendt was actively working on catching Hill and Bissette in the middle of the move before Bissette's license was renewed at the new location. Even though Hill and Bissette never started operating at the Lima location, Wendt pursued an investigation against them solely based on the information from Burt and Caldwell, who allowed Wendt to live in one of the subdivision homes they

owned. Doc. 4 at ¶¶49-52.  Once the Defendants conspired to implicate Hill and Bissette in unwarranted drug charges, Hill and Bissette retained counsel and fought for seventeen months against those charges and in protection of their right to be free from unreasonable searches, from frivolous investigation, and from unlawful arrest. During this time period, Hill and Bissette suffered severe financial loss, mental anguish, harm to reputation, loss of property, loss of earning capacity. Moreover, they were facing substantial roadblocks with DPPHS in regaining their marijuana grow license because of the pending criminal charges and Wendt's personal involvement with the Lead Inspector for the Montana Marijuana Program, Devin Keller. Doc. 4 at ¶¶53-55, 60-67, 99. In their effort to repair their business, Hill and Bissette spent thousands of dollars in fees to DPPHS, sent in numerous applications, emailed, and called DPPHS numerous times, and ultimately retained separate counsel, Christopher Young, to assist with regaining their grow license from DPPHS. Then, because of the financial hardship associated with litigation, the issues with DPPHS, and criminal proceedings, Hill and Bissette were forced to sell the property in Lima. Doc. 4 at ¶29. When the criminal charges against Hill and Bissette were dismissed in February 2022, Hill and Bissette were still in active litigation against Defendant Flying J in state court. Hill and Bissette still have not been successful in regaining their license through DPPHS and have since sunk

further into debt while attempting to maintain their home, business, and the costs associated with litigation.

Hill and Bissette are actively fighting to be free from the harm caused by Defendant Wendt's intentional efforts to implicate Hill and Bissette in felonious activity and to repair the harm caused by such activity, including harm to their reputation, business, financial status, property, and mental wellbeing.

**B. Extraordinary circumstances existed that caused Hill and Bissette to file a complaint after the statute of limitations had run.**

"The extraordinary-circumstance prong is met 'only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond his control.'" *Ademiju v. United States,* 999 F.3d 474, 477 (7th Cir. 2021) (alteration in original) (quoting *Holland*, 560 U.S. at 649 (internal citations omitted)). In evaluating whether an "extraordinary circumstance stood in [a petitioner's] way and prevented timely filing," a court is not bound by "mechanical rules" and must decide the issue based on all the circumstances of the case before it. *Holland*, 560 U.S. at 649–50. An extraordinary reason that may justify equitable tolling exists when a plaintiff has reason to believe that defendant(s) may threaten to or retaliate if plaintiff files a claim against him. *Doe v. United States*, 75 F.4th 64, 72 (2nd Cir. 2023).

Here, Hill and Bissette's property was trespassed upon in spring 2018 by Burt and Caldwell, who sorted through Hill and Bissette's belongings hoping to find evidence of an illegal grow operation. Doc. 4 at ¶14. Burt, Caldwell, and Wendt are all friends – to the extent that Burt and Caldwell allowed Wendt to move into a home in their subdivision in violation of their own restrictive covenants that they were suing Hill and Bissette over. Doc. 4 at ¶15-18. Burt and Caldwell falsely informed Wendt that Hill and Bissette were running an illegal grow operation. Doc. 4 at ¶19. Wendt then investigated Hill and Bissette for over a year. Doc. 4 at ¶24. Wendt was aware that Hill and Bissette's grow operation was legal and properly licensed, but he continued to violate Hill and Bissette' privacy numerous times by inquiring about their electric bills, improperly contacting Devin Keller to check on the status of their licensing, interviewing their neighbors, spreading misinformation about Hill and Bissette, discussing their business at open forum town council meetings, and ultimately conducting an improper search on Hill and Bissette's property.

Hill and Bissette contend, and it stands to reason given the nature of this lawsuit, that they were in fear of further retaliation by Defendant Wendt, the Beaverhead County officials generally, and Defendants Burt and Caldwell. Hill and Bissette continue to live in the same subdivision as Caldwell and Burt. Hill and Bissette spent seventeen months facing felony charges. Moreover, the charges were

presented against each of them in separate cases — the cases were prosecuted

before different judges — as prosecutors attempted to persuade Bessette to testify

against Hill. Doc. 4 at ¶¶86-96. Hill and Bissette fear that in attempting to rebuild

their livelihood, they will continue to be subject to Defendant Wendt's attention

and unlawful investigations. In part, Hill and Bissette's fear has been substantiated

by the numerous encroachments on their privacy since filing this action, such as

Burt and Caldwell continuing to photograph Hill and Bissette's property. Moreover

the Dillon *Tribune* printed a very detailed article about this matter that named Hill

and Bissette.

Thus Hill and Bissette were already making attempts to remedy the wrongs

done by Wendt and the other Defendants by battling their erroneous criminal

charges, struggling with the loss of their business and property, and pursuing

numerous avenues of legal recourse.

"When a wrong is ongoing rather than discrete, the period of limitations

does not commence until the wrong ends." *Manuel v. City of Joliet*, 903 F.3d 667,

669 (7th Cir. 2018) (citing *Amtrak v. Morgan*, 536 U.S. 101, 115-21 (2202)).

While Hill and Bissette ask the Court to rule that their claims accrued on

September 11, 2020, if this Court finds that Hill and Bissette's claims against

Defendant Wendt accrued on April 20, 2020, Plainitffs ask the Court also find that

for Counts 1, 3-6, and 8, the statute of limitations was equitably tolled from April

20, 2020, to February 09, 2022, when the charges against Hill and Bissette were eventually dismissed.

## III.   Hill and Bissette successfully stated a claim against Defendant Wendt.

To reiterate, on a motion to dismiss, courts accept all factual allegations in the complaint as true, construes the pleadings in the light most favorable to the plaintiff, and resolves all doubts in the plaintiffs' favor. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); *Hebbe v. Pliler,* 627 F.3d 338, 340 (9th Cir. 2010). "Detailed factual allegations are not required, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

All of Defendant Wendt's arguments for Hill and Bissette's failures to state plausible claims rest on the conclusion that Hill and Bissette's action is barred by the statute of limitations. Should the Court find Hill and Bissette's arguments above regarding the accrual date or equitable tolling persuasive, the Court should have no issue finding that each count below has been properly pleaded.

### A. Count 1 - §1983
#### 1. Defendant Wendt violated Hill and Bissette's Fourteenth Amendment Due Process Rights.

The Due Process Clause of the Fourteenth Amendment provides: "[Nor] shall any State deprive any person of life, liberty, or property, without due

process of law." Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). "To state a claim of deprivation of property without due process of law, a plaintiff must establish that he was deprived of a cognizable property interest." *Foss v. National Marine Fisheries Service*, 161 F.3d 584, 588 (9th Cir. 1988). Defendants cite to *Marble v. Strecker* to argue that because marijuana was and remains illegal under the Controlled Substances Act ("CSA"), Hill and Bissette have no civil cause of action because there is no legally protected interest in "contraband." Doc. 9 at 9. However, Hill and Bissette do have a cognizable property interest in their real property in Lima, Montana, which they lost as a result of extensive litigation caused by unwarranted criminal proceedings. Additionally, Hill and Bissette have an interest in being free from malicious investigation leading to the deprivation of their liberty. Hill and Bissette were arrested on September 11, 2020. Hill and Bissette were booked into county jail, charged with three felonies, and then were subjected to criminal prosecution for seventeen months. It was Wendt's unlawful investigation and search that led to Hill and Bissette's arrests. Hill and Bissette's arrests and criminal charges deprived them of their liberty and their ability to continue providing for themselves, resulting in the loss of their property.

To state a claim under §1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." *Hydrick v. Hunter,* 500 F.3d 978, 988 (9th Cir. 2007) (citations omitted). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978) (citing *Beverly v. Morris,* 470 F.2d 1356 (5th Cir. 1972)).

Here, in Hill and Bissette's First Amended Complaint, Doc. 4, they incorporate all the facts recited into Count 1. Plaintiffs allege that the Defendant acted under color of state law and provide facts to show that Defendant Wendt, using the tools available to him in his official capacity, deprived them of their liberty and property without due process, or at the very least intentionally set in motion a series of acts that Wendt knew would lead to the deprivation of Hill and Bissette's Constitutional rights. Doc. 4 at ¶¶21, 24, 40-41, 44-46, 52-61, 64-80, 84-

**Plaintiffs' Response to Wendt's Motion to Dismiss**                    **Page 20**

86, 97-98, 100-03. Hill and Bissette succeed in stating a §1983 claim against

Defendant Wendt for a violation of their Fourteenth Amendment due process

rights.

### 2. Defendant Wendt violated Plaintiff's Fourth Amendment Right to be free from unreasonable searches when he presented false information to secure a search warrant.

In order to state a cognizable claim against the officers, plaintiff needs to, at
a minimum, allege that the officers that allegedly violated his constitutional
rights acted under color of state law; allege how each individual defendant
was personally involved in the deprivation of his civil rights; and allege
basic facts regarding the events at issue in order to put the officers on notice
of the claims against them.

*Macias v. City of Clovis, 2014 U.S. Dist. LEXIS 107621, *13 (*citing *Burns v.*

*Barreto*, No. 2:10-cv-1563, 2011 U.S. Dist. LEXIS 52715, *3 (E.D. Cal. May 5,

2011)). As in the analysis addressing the violation of Hill and Bissette's Fourteenth

Amendment rights, in Hill and Bissette's First Amended Complaint, they

incorporate all the facts into Count 1. Doc. 4 at ¶100. Hill and Bissette explicitly

state that Wendt was acting under color of state law when he violated Hill and

Bissette's rights. Doc. 4 at ¶¶101-02. Hill and Bissette set forth how Wendt was

personally involved in pursuing an illegal investigation against them, as well as

basic facts regarding the events. Doc. 4 at ¶¶21, 24, 40-41, 44-46, 52-61, 64-80,

84-86, 97-98, 100-03. In *Macias*, the court found that the plaintiff satisfied

pleading standards for a §1983 Fourth Amendment claim when he set forth specific

facts including the date of the events in question, see Doc. 4 at ¶¶21, 43, 54, 64, 66,

68-9), what the defendant subjected the plaintiff to, see Doc. 4 at ¶69, and the

subsequent deprivation of the plaintiff's rights, see Doc. 4 at ¶¶69, 86, 97-8.

*Macias, 2014 U.S. Dist. LEXIS 107621, *13-14.* Hill and Bissette successfully state

a claim for a violation of their Fourth Amendment Rights when they show that

Wendt misrepresented information to secure a search warrant, pursued an

investigation into Hill and Bissette when he knew Hill and Bissette's operation was

legal, and continued a search on their property despite being informed that Lee

Salmonson had a valid license to grow a personal amount of marijuana on the

property. Doc. 4 at ¶¶21, 76-83, 97.

## B. Count 3 – Violation of Montana Constitutional Rights

In Count 3, Hill and Bissette again incorporate all alleged facts into the

claim. Under Article II, §§10-11 under the Montana Constitution, Montanans are

afforded an explicit right to privacy and freedom from unlawful searches and

seizures. Further, Montanans are afforded an expectation of privacy in homes and

curtilages that extends beyond that afforded by the federal government. *State v.*

*Bullock*, 272 Mont. 361, 374 (1995).

Here, Hill and Bissette properly set forth facts to show that Wendt violated

their privacy when he unlawfully intruded into their property and pursued a

frivolous investigation, resulting in Hill and Bissette being implicated in and charged for unsubstantiated felonious conduct. Doc. 4 at ¶¶21, 24, 40-41, 44-46, 52-61, 64-80, 84-86, 97-98, 100-03.

### C. Count 4 – Negligence

"To maintain an action in negligence, the plaintiff must prove four essential elements: duty, breach, causation, and damages." *Fisher v. Swift Transp. Co., Inc.*, 2008 MT 105, ¶13. In Montana, "based on generally applicable principles of negligence, an officer may owe a legal duty to a person injured directly by the officer's affirmative actions." *Bassett v. Lamantia*, 2018 MT 119, ¶2.

In Count 4, Hill and Bissette plead that Wendt owed Hill and Bissette a duty of reasonable care. Doc. 4 at ¶119. Second, an officer who intentionally provides incorrect information on a search warrant application to pursue a personal agenda is not exercising reasonable care. Hill and Bissette allege that Wendt breached his duty of reasonable care by intentionally providing false information to secure a search warrant and conspiring with Burt and Caldwell to ultimately secure the prosecution of Hill and Bissette. Doc. 4 at ¶97. Third, Hill and Bissette allege that Wendt's unlawful search and investigation, at least in part, caused Hill and Bissette to suffer all the harm resulting from the seventeen months they spent fighting

invalid criminal charges. Fourth, Hill and Bissette plead they suffered severe

damages. Doc. 4 at ¶98-99. The elements of negligence are properly pleaded.

### D. Counts 5 and 6 –Emotional Distress

The standards for negligent and intentional infliction of emotional distress

are essentially the same. In *Sacco v. High Country Indep. Press*, the Montana

Supreme Court held that an "independent cause of action for the infliction of

emotional distress, negligent or intentional, will arise under circumstances where

serious or severe emotional distress to the plaintiff was the reasonably foreseeable

consequence of the defendant's negligent or intentional act or omission […]

provided that the distress was "so severe that no reasonable person could be

expected to endure it." 271 Mont. 209, 220 (Mont. 1995).

Here, Hill and Bissette allege that they have suffered severe or serious harm.

Doc. 4 at ¶¶98-99. They allege that facing three felony charges for seventeen

months caused them severe emotional distress. No reasonable person would be

expected to endure the circumstances faced by Hill and Bissette. In the small towns

of Lima and Dell, Wendt investigated Hill and Bissette by talking to their

neighbors, electrician, licensing handler, electric company, subdivision owners,

and the city council. Wendt's investigation and search, which ultimately led to the

prosecution of Hill and Bissette, severely impacted Hill and Bissette' reputations,

emotional wellbeing, and livelihood – which further contributed to Hill and Bissette's severe emotional distress. The events of the last several years have caused major strain on Hill and Bissette's relationships with family members and friends and caused severe mental anguish. Doc. 4 at ¶¶98-99. These claims are properly pleaded.

## E.    Count 8 – Conspiracy

Civil conspiracy under Montana law requires that: (1) two or more persons (2) share an objective; (3) a meeting of the minds on the objective or course of action occurs; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. *Schumacker v. Meridian Oil Co.,* 1998 MT 79, ¶18.

Here, Wendt, Caldwell, and Burt conspired to manufacture a triable criminal case against Hill and Bissette. Doc. 4 at ¶144. The three spoke more than once about Hill and Bissette's business affairs. Doc. 4 at ¶¶23, 52. Wendt conducted several unlawful overt acts. Doc. 4 at ¶¶21, 24, 40-41, 44-46, 52-61, 64-80, 84-86, 97-98, 100-03. Burt and Caldwell engaged in negotiations to settle a civil suit with Hill and Bissette with the intentions of breaching the settlement to force Hill and Bissette to relocate their marijuana grow operations and give Wendt an opportunity to manufacture evidence and obtain a search warrant to lead to the prosecution of Hill and Bissette. Doc. 4 at ¶¶145-47. The conspiracy claim is properly pleaded.

**CONCLUSION**

Hill and Bissette' claims against Wendt in Counts 1, 3-6, and 8 are neither

barred by the applicable statute of limitations nor have Hill and Bissette failed to

state a claim to support these Counts. Wendt violated Hill and Bissette's federal

Constitutional rights, Montana Constitutional rights, and committed numerous

intentional torts – all resulting in severe harm to Hill and Bissette. The Court

should deny Wendt's motion to dismiss and allow this matter to proceed on the

merits.

Dated this 16th day of October, 2023.

/s/Timothy M. Bechtold

Attorney for Plaintiff

CERTIFICATE OF COMPLIANCE

I certify the foregoing brief has 5116 words, excluding tables and certificates.

Pursuant to LR 7.1, Tables of Authorities and Contents are included in this brief.

/s/Timothy M. Bechtold

Attorney for Plaintiff