Timothy M. Bechtold
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
tim@bechtoldlaw.net
    *Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| CHAD BURTON HILL and LOUISA BISSETTE<br><br>    Plaintiffs,<br><br>vs.<br><br>PAUL BURT, TED CALDWELL, FLYING J RANCH, LLP, BEAVERHEAD COUNTY SHERIFF DAVID WENDT, BEAVERHEAD COUNTY, and DOES 1-10,<br><br>    Defendants. | CV 23-34-BU-DWM<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT BEAVERHEAD COUNTY'S MOTION TO DISMISS** |

## Table of Contents

*TABLE OF AUTHORITIES*..................................................................................3

*FACTUAL BACKGROUND* ...............................................................................4

*STANDARD* ..........................................................................................................5

*ARGUMENT*.........................................................................................................6

    I.    **Plaintiffs sufficiently plead enough facts for the court to draw an inference that Beaverhead County is liable under §1983.** ...............................6

    A.    **Plaintiffs properly plead that an officer violated their constitutional rights.**........................................................................................................7

        1.    Fourteenth Amendment violations............................................................7

        2.    Fourth Amendment violations ..................................................................8

    B.    **Plaintiffs properly plead that Defendant Wendt's violation of Plaintiffs' Constitutional Rights was the result of executing Beaverhead County's local policy or custom.**........................................................................9

*CONCLUSION*....................................................................................................11

*CERTIFICATE OF COMPLIANCE*...................................................................13

## TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). …………………………..5
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 , 127 S. Ct. 1955 (2007). ………….6
*Brown v. Lynch*, 831 F.3d 1146 (9th Cir. 2016). ……………………………………11
*City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S. Ct. 915 (1988). ………..9, 11
*Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662 (1986). …………………………7
*Empress LLC v. City & Cty. of San Francisco*, 419 F.3d 1052 (9th Cir. 2005). …..7
*Fogel v. Collins*, 531 F.3d 824 (9th Cir. 2008). ……………………………………...9
*Foss v. National Marine Fisheries Service*, 161 F.3d 584 (9th Cir. 1988). ……….7
*Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865 (1989). ………………………..8
*Hebbe v. Pliler,* 627 F.3d 338 (9th Cir. 2010). ………….....…………………….…..6
*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005). …………….....………………...6
*Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160 (1993). ……………………………………………………6
*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). …………………………………...12
Merritt v. Cty. of Los Angeles, 875 F.2d 765 (9th Cir. 1989). ……………………...10
*Monell v. Dep't of Soc. Servs. of City of N.Y.C.*, 436 U.S. 658, 98 S. Ct. 2018 (1978). ………………………………………………………………………………...6
*Risse v. Porter,* 2020 U.S. Dist. LEXIS 51141 *12 (E.D. CA. March 23, 2020). .10
*Tennessee v. Garner* 471 U.S. 1, 105 S. Ct. 1964 (1985). ………………………...8

**STATUTES**

42 U.S.C. §1983 ……………………………………………………………… 5, 6, 8, 11

**CONSTITUTIONAL PROVISIONS**

U.S. Const. Amend. IV ………………………………………………...…………..8, 9
U.S. Const. Amend. XIV ……………………………………………………………..7, 8

**FACTUAL BACKGROUND**

Plaintiffs Chad Hill and Louisa Bissette live in the Foxley Minor Subdivision in Dell, Beaverhead County, Montana. This subdivision was developed by Defendants Burt, Caldwell, and Flying J. Defendants Burt and Caldwell live in the subdivision and at times relevant to the events in this lawsuit, Defendant Wendt also lived in this subdivision. In 2020, Hill and Bissette were licensed through the Montana Department of Public Health and Human Services ("DPHHS") to grow marijuana in their barn in Dell. Burt and Caldwell took issue with Hill and Bissette's business practices, so Burt and Caldwell sued Hill and Bissette in 2018, trespassed onto Hill and Bissette's property numerous times from 2018 to 2020, and enlisted Wendt, then the Deputy Sheriff of Beaverhead County, to manufacture a criminal case against Hill and Bissette.

Wendt took it upon himself to investigate Hill and Bissette for over a year, despite knowing that Hill and Bissette's conduct was legal and licensed. Wendt was clear in his objective to arrest Hill and Bissette: Wendt spoke openly about conducting a criminal raid on Hill and Bissette's property and intentionally used incorrect information to secure a search warrant. Additionally, Wendt did not abide by proper protocols in accessing information about Bissette, Hill, or Lee Salmonson regarding their medical marijuana licensing. On April 20, 2020, Wendt, along with three other officers, conducted a search on Hill and Bissette's property.

As a result of this search, Hill and Bissette were each charged separately in September 2020 with three felonies. Hill and Bissette were subjected to these criminal proceedings for seventeen months before the charges were dismissed. Hill and Bissette lost their property, suffered severe mental anguish and distress, damage to their personal relationships, and damage to their reputation. Given the extended period of time that Wendt conducted an illegal investigation and the participation of other officers in the illegal search, Hill and Bissette allege that Beaverhead County implemented patterns or practices that violated Hill and Bissette's Constitutional Rights and further that the county failed to train, supervise, and discipline its officers. Hill and Bissette allege a *Monell* claim against Beaverhead County. Doc 4 ¶¶107-112.

Beaverhead County also takes issue with Plaintiffs' claims for Negligent Infliction of Emotional Distress ("NIED") (Count 5); and Intentional Infliction of Emotional Distress ("IIED") (Count 6). However, Hill and Bissette do not allege that Defendant Beaverhead County is liable for either of these claims. *See* Doc 4 ¶¶122-131.

**STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

quotation marks omitted). The court accepts all factual allegations in the complaint as true, construes the pleadings in the light most favorable to the plaintiff, and resolves all doubts in the plaintiffs' favor. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); *Hebbe v. Pliler,* 627 F.3d 338, 340 (9th Cir. 2010). "Detailed factual allegations are not required, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**ARGUMENT**

**I.     Plaintiffs sufficiently plead enough facts for the Court to draw an inference that Beaverhead County is liable under §1983.**

In *Twombly,* the Supreme Court determined that "plausibility" exists when the plaintiff pleads sufficient factual content to allow the court to draw the inference that the defendant is liable for the alleged conduct. 550 U.S. at 555. In order to successfully state a claim under §1983 against a municipality, as opposed to an individual state actor, a plaintiff must allege an officer violated her constitutional rights by executing a local government policy or custom. *Monell v. Dep't of Soc. Servs. of City of N.Y.C.*, 436 U.S. 658, 690-91 (1978). In asserting a *Monell* claim, Plaintiff is not required to meet a heightened pleading standard for the purposes of demonstrating municipal liability. *See Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 167-68 (1993); *see*

also *Empress LLC v. City & Cty. of San Francisco*, 419 F.3d 1052, 1055 (9th Cir. 2005).

A.      **Plaintiffs properly plead that an officer violated their constitutional rights.**

1.      **Fourteenth Amendment violations**

The Due Process Clause of the Fourteenth Amendment provides: "[Nor] shall any State deprive any person of life, liberty, or property, without due process of law." Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). "To state a claim of deprivation of property without due process of law, a plaintiff must establish that he was deprived of a cognizable property interest." *Foss v. National Marine Fisheries Service*, 161 F.3d 584, 588 (9th Cir. 1988).

Here, Hill and Bissette do have a cognizable property interest in their real property in Lima, which they lost as a result of unwarranted criminal proceedings. Additionally, Hill and Bissette have an interest in being free from malicious investigation that results in the deprivation of their liberty. Hill and Bissette were arrested on September 11, 2020, booked into county jail, charged with three felonies, and then underwent criminal prosecution for seventeen months for which they were subject to the court's schedule. Hill and Bissette allege that Wendt's

unlawful investigation and search – unlawful conduct that adheres to a pattern or practice of Beaverhead County –led to Hill and Bissette's arrest. Hill and Bissette's arrest and pending criminal charges deprived them of their ability to continue providing for themselves, resulting in the loss of their property.

In Hill and Bissette's First Amended Complaint, Doc. 4, they incorporate all the alleged facts into Count 2. Hill and Bissette allege that the county acted under color of state law and provide facts to show that Defendant Wendt, using the tools available to him in his official capacity, deprived them of their liberty and property without due process. Doc. 4 at ¶¶21, 24, 40-41, 44-46, 52-61, 64-80, 84-86, 97-98, 100-03. Plaintiffs allege that the county's "established policies, customs, and practices" deprived them of their rights, Doc. 4 ¶108, and that the county "failed to train, supervise, and discipline" its law enforcement officers on proper police practices, and this resulted in the violation of Hill and Bissette's rights. Doc. 4 ¶110. Hill and Bissette succeed in stating a §1983 *Monell* claim against Defendant Beaverhead County for a violation of their rights.

## 2. Fourth Amendment violations

Fourth Amendment violations are evaluated using an "objective reasonable" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). Determining whether there was a violation of the Fourth Amendment requires the "careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment

interests' against the countervailing governmental interests at stake. *Tennessee v. Garner* 471 U.S. 1, 8 (1985) (internal citations omitted).

Here, Hill and Bissette successfully state a claim for a violation of their Fourth Amendment Rights when they show that Defendant Wendt misrepresented information to secure a search warrant, pursued an investigation into Hill and Bissette when he knew their conduct was legal, and continued a search on their property despite being informed by DPHHS Officer Keller that Lee Salmonson had a valid license to grow a personal amount of marijuana on the property. Doc. 4 at ¶¶21, 76-83, 97.

**B.     Plaintiffs properly plead that Defendant Wendt's violation of Plaintiffs' Constitutional Rights was the result of executing Beaverhead County's local policy or custom.**

A "policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

In Hill and Bissette's First Amended Complaint, they allege that: (1) the County's established policies, customs, and practices caused the violations to

Plaintiffs' Constitutional rights; (2) the County's adopted policies, customs, and practices amounted to deliberate indifference and conscious disregard to Plaintiff's constitutional rights and a ratification of violation of those rights; (3) the County failed to hire, train, supervise, and discipline its officers resulting in the violation of the Plaintiffs rights; (4) the constitutional violations were acts of official government policies; and (5) the unlawful methods of Defendant Wendt were an established practice of policing in Beaverhead County, and the Sheriff was aware of and condoned these methods.

To sufficiently state a claim for inadequate training, supervision, or discipline, a plaintiff must allege: (1) the training program, discipline procedures, or supervision of subordinates was inadequate in relation to the tasks the particular officer must perform; (2) the municipal officials must have been deliberately indifferent to the rights of the plaintiff; and (3) the inadequacy of the training, discipline, or supervision was shown to have caused the constitutional deprivation. *Risse v. Porter,* 2020 U.S. Dist. LEXIS 51141 *12 (E.D. CA. March 23, 2020) (citing *Merritt v. Cty. of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (quotations omitted).

Here, the criminal charges against Hill and Bissette did not survive scrutiny despite Wendt spending over a year investigating Hill and Bissette. Doc. 4 at ¶¶24, 48. Wendt was unable to build a case in that time yet still continued, and continues

now, to harass Hill and Bissette and violate their privacy rights. Further, Hill and Bissette allege that Wendt manufactured evidence against them on numerous occasions, Doc. 4 at ¶¶21, 24, 40-41, 44-46, 52-61, 64-80, 84-86, 97-98, 100-03, and four Beaverhead County officers, including Wendt, participated in the illegal search of their Lima property. Doc. 4 at ¶ 69.

Ratification by supervisors of a subordinate's conduct and policies of inaction can also serve as a "polic[ies] for the purposes of municipal liability." *Praprotnik*, 485 U.S. at 127; *Brown v. Lynch*, 831 F.3d 1146, 1152 (9th Cir. 2016).

For over a year, Wendt spoke at openly at local council meetings and in the community about his pursuit of Hill and Bissette. Doc. 4 at ¶¶64-65. Wendt communicated with other executive agencies, namely DPPHS, about Hill and Bissette, Doc. 4 at ¶¶53-55, and applied for a search warrant in which Wendt lays out the false information that he spent over a year preparing. Doc. 4 at ¶¶68, 97. This is sufficient to show that Hill and Bissette allege facts sufficient for the Court to make an inference that Beaverhead County is liable under §1983.

## CONCLUSION

Beaverhead County asserts that Hill and Bissette failed to state a plausible claim for municipal liability. However, Hill and Bissette sufficiently allege enough

facts for the Court to make an inference that Beaverhead County's policies, customs, and practices caused a violation of Plaintiffs' Constitutional rights.

If the Court finds that Hill and Bissette fail to state a claim adequately, Plaintiffs ask the Court for leave to allow Plaintiffs to file a second amended complaint. "If a complaint fails to state a plausible claim, '[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citations omitted). Moreover, it is only through discovery that Plaintiffs can typically assemble the information sufficient to prove a *Monell* claim at trial.

Hill and Bissette request that this Court deny the county's Motion to Dismiss and allow parties to proceed to discovery on the merits.

Dated this 16th day of October, 2023.

/s/Timothy M. Bechtold
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

I certify the foregoing brief has 1,974 words, excluding tables and certificates.

Tables of Authorities and Contents are included in this brief.

                                                                /s/Timothy M. Bechtold
                                                                Attorney for Plaintiff