Mitchell A. Young
Jennifer A. Morgan
County Litigation Group
2715 Skyway Drive
PO Box 6697
Helena, MT 59604-6697
Phone (406) 441-5471
myoung@mtcounties.org
jmorgan@mtcounties.org
*Counsel for Defendant Beaverhead County*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CHAD BURTON HILL and LOUISA BISSETTE, | Case No.: 23-34-BU-DWM |
| Plaintiffs, | COUNTY DEFENDANT'S PRELIMINARY PRETRIAL STATEMENT |
| v. | |
| PAUL BURT, TED CALDWELL, FLYING J RANCH, LLP, BEAVERHEAD COUNTY SHERIFF DAVID WENDT, BEAVERHEAD COUNTY, and DOES 1-10, | |
| Defendants. | |

Defendant, Beaverhead County (the County), pursuant to Federal Rules of Civil Procedure 26(a)(1)(A)(i), (ii) and (iii) and Local Rule 16.2(b)(1) respectfully submits herein its Preliminary Pretrial Statement.

# Information required by Federal Rules of Civil Procedure 26(a)(1)(A)

I. **Individuals Known to Have Discoverable Information.**

*See* section J, below.

II. **Documents, Electronically Stored Information and Tangible Things.**

Hard copies of the following documents are in the possession of the County's counsel:

1. Reports generated by Beaverhead County Sheriff's Deputies, identified herein, documenting the criminal investigation of the Plaintiffs for suspected Criminal Possession of Dangerous Drugs with Intent to Distribute and Criminal Possession of Drug Paraphernalia.

2. Documents produced by the Beaverhead County Sheriff's Office relating to the April 20, 2020 Search Warrant Application, the Search Warrant signed by the Justice of the Peace and the Search Warrant Return.

3. Court documents relating to the criminal prosecution of the Plaintiffs following the execution of the above-referenced Search Warrant by the Beaverhead County Sheriff's Office.

4. Footage (audio and video) from body cams worn by Beaverhead County Sheriff's Deputies during the April 20, 2020 search of the Plaintiffs' property located at 215 E. Bailey St., Lima, Montana.

5. Photographs and reports relating to the April 20, 2020 search of Plaintiffs' property located at 215 E. Bailey St., Lima, Montana.

**III.     Computation of Damages.**

Defendant has no information regarding computation of damages.

**Local Rules 16.2(b)(1)**

**A.     Factual Outline of the Case**

On December 4, 2018, Defendant Flying J Ranch filed a civil action against Plaintiff Hill for violation of its Homeowners Association Agreement by operating a commercial marijuana grow facility on his property, designated as both 77 and 91 Kezia Lane in Dell, Montana. Plaintiff Hill and Defendant Flying J Ranch reached a tentative settlement agreement which required Hill to relocate his grow operation. Plaintiff Hill purchased property located at 215 E. Bailey Street in Lima, Montana, where he alleges he intended to build a new grow facility but was awaiting approval to operate at the new address. Hill and Plaintiff Bissette continued to reside at Kezia Lane, renting the 215 E. Bailey property to Lee Salmonson. Mr. Salmonson lived in his RV near a Quonset hut on the property.

On April 20, 2020, Defendant David Wendt (then Beaverhead County Undersheriff) applied for and was granted a search warrant for the Quonset hut on the 215 E. Bailey property upon information and belief that Plaintiffs were operating an unlicensed marijuana grow facility. The search warrant was executed

that same day by Deputies Wendt, Haggard, Bowman, and Stewart of the Beaverhead County Sheriff's Office. On September 10, 2020, Plaintiffs were charged separately with felony criminal production or manufacture of dangerous drugs in violation of MCA § 45-9-110; criminal possession with intent to distribute in violation of MCA § 45-9-103, and criminal possession of dangerous drugs in violation of MCA § 45-9-102. The criminal cases against Plaintiffs were dismissed in February of 2022.

**B.    Basis of Jurisdiction and Venue**

The Court has jurisdiction over this matter based upon Plaintiff's 42 U.S.C. Section 1983 claim against the County and other defendants, and the Butte Division of the United States District Court for the District of Montana is the proper venue because the alleged events which are the basis of the Complaint took place in Beaverhead County, Montana.

**C-D.  Factual Basis for, and the Legal Theory Underlying, Each Defense**

1. <u>Failure to state a claim upon which relief may be granted.</u>

    Count II of the Amended Complaint states a Monell claim against the County. To impose liability on a county under § 1983, a plaintiff must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the county government had a policy; (3) that this policy "amounts to deliberate indifference" to the plaintiff's constitutional right;

and (4) that the policy is the "moving force behind the constitutional violation." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). In order to state a claim for relief, "the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). The Complaint merely recites conclusory allegations without alleging facts as to the nature of the unconstitutional policy or the manner in which the policy led to the alleged constitutional violations.

2. <u>Intervening superseding cause.</u>

   The County will not rely on this defense and withdraws same.

3. <u>Statutory defenses.</u>

   The County is immune from punitive damage claims pursuant to 42 U.S.C. § 1983. To the extent that liability is assessed against the County pursuant to Montana Code Annotated Section 2-9-305 on the state law claims against its employees, the County asserts its immunity from exemplary damages under Section 2-9-105, the limits on liability awards under Section 2-9-108, regulation of attorney fees under Section 2-9-314, and limitations on post-judgment interest under Section 2-9-317.

4. <u>Attorney fees.</u>

   This defense is self-explanatory.

**E. Computation of Damages**

Defendants do not seek damages.

**F. Pendency or Disposition of any Related State or Federal Litigation**

Defendants are not aware of any related litigation as to the County. The County is aware of a pending matter in Montana Fifth Judicial District Court, Cause No. DV-18-14149, involving Defendant Flying J Ranch, LLP and Plaintiff Hill.

**G. Proposed Stipulations of Fact**

1. On September 10, 2020, on behalf of the State of Montana, Deputy Beaverhead County Attorney Russell Micheals filed a Motion and Affidavit for Leave to File Information separately against Plaintiffs in Montana's Fifth Judicial District Court. On September 11, 2020, Judge Luke Burger granted the State's Motions.

2. On September 11, 2020, Deputy County Attorney Russell Michaels filed an Information against each Plaintiff charging them with the following felonies relating to marijuana: Criminal Production or Manufacture of Dangerous Drugs in violation of MCA § 45-9-110, Criminal Possession with Intent to Distribute in violation of MCA § 45-9-103, and Criminal Possession of Dangerous Drugs in violation of MCA § 45-9-102.

3. Montana's marijuana laws changed after the charges were filed against Plaintiffs Hill and Bissette, but before their cases went to trial. As of January 1, 2021, Montana law allows adults 21 years of age or older to legally possess and use up to one ounce of marijuana. As of January 1, 2022, Montana law allows previously licensed medical marijuana license holders to sell to adult-use consumers.

4. On February 8, 2022, Special Deputy Thorin Geist moved the court for orders dismissing the causes of action against Plaintiffs Hill and Bissette. On February 9, 2022, Judge Jennifer Lint granted the State's Motions, dismissing the causes of action against each Plaintiffs without prejudice.

**H.     Proposed Deadlines Related to Joinder and Amendment**

The Parties have filed a Joint Discovery Plan which includes January 12, 2024 as the agreed deadline for joiner of parties and amendment of pleadings.

**I.     Controlling Issues of Law Suitable for Pretrial Disposition**

Defendants anticipate filing a motion for summary judgment on the bases of qualified immunity, the existence of probable cause, and Plaintiffs' failure to articulate a *Monell* claim. Discovery may reveal additional issues suitable for pretrial disposition.

**J.     Persons Believed to Have Information**

    Sheriff David Wendt
    2 South Pacific Street, Suite 16
    Dillon, MT 59725
    406.683.3700

Sheriff Wendt has knowledge of the policies and procedures of the Beaverhead County Sheriff's Office. Sheriff Wendt may be contacted through his defense counsel.

    Deputy Aaron Bowman
    Lewis & Clark County Sheriff's Office
    406 Fuller Ave, Helena, MT
    (406) 447-8293

    Undersheriff Ceth Haggard
    2 South Pacific Street, Suite 16
    Dillon, MT 59725
    (406) 683-3700

    Deputy Dale Stewart
    2 South Pacific Street, Suite 16
    Dillon, MT 59725
    (406) 683-3700

    Devin Keller, Supervisor
    Department of Revenue, CCD
    (406) 417-9701

    Justin Bair
    Vigilante Electric
    Dillon, Montana
    (406) 683-2327

    Thorin Geist
    Assistant AG and Special Deputy for Beaverhead County
    215 N. Sanders St.
    Helena, MT 59601
    (406) 444-2026

The above-named individuals, including Sheriff Wendt, have information regarding the drug investigation and subsequent search of the Plaintiffs property.

**K.     Substance of Risk Sharing Agreement**

Defendant Beaverhead County is covered by a risk sharing agreement with the Montana Association of Counties Property & Casualty Trust. Coverage for Plaintiff's state law claims is limited by the policy limits and the statutory cap of $750,000 per claim and $1,500,000 per occurrence. Federal and out of state claims are not subject to state tort limits and are covered up to $5,000,000 as provided by BRIT Liability Reinsurance.

**L.     Prospect for Compromise**

Defendants remain open to the possibility of compromise but advise the Court that no such discussions have yet taken place.

**M.     Suitability of Special Procedures**

Defendant Beaverhead County does not believe special procedures are suitable in this matter.

DATED this 26th day of October, 2023.

County Litigation Group

*/s/ Jennifer Morgan*
Jennifer Morgan