Williams Law Firm, P.C.
Nicholas J. Pagnotta, Esq.
Peter B. Ivins, Esq.
235 E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350
nick@wmslaw.com
peter@wmslaw.com
wlfmail@wmslaw.com
*Attorneys for Paul Burt, Ted Caldwell,
and Flying J Ranch, LLP*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| CHAD BURTON HILL and LOUIZA BISSETTE,<br><br>Plaintiffs,<br><br>-vs-<br><br>DAVID WENDT, PAUL BURT, TED CALDWELL, FLYING J RANCH, LLP, BEAVERHEAD COUNTY, and DOES 1-10,<br><br>Defendants. | **CV-23-34-DWM**<br><br>DEFENDANTS PAUL BURT, TED CALDWELL, AND FLYING J RANCH, LLP'S PRELIMINARY PRETRIAL STATEMENT |

Defendants Paul Burt, Ted Caldwell and Flying J Ranch, LLP ("Flying J" or "Flying J Defendants") provide this Preliminary Pretrial Statement under L.R.16.2(b)(1), Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(3)(C).

A.     Brief factual outline of the case.

In relation to the Flying J Defendants, this matter arises out of a dispute arising out of Plaintiffs' violations of the Covenants prohibiting "commercial business" operations in the Foxley Minor Subdivision, located in Dell, Montana. After purchasing Lot 4 in the subdivision in 2014, Plaintiff Chad Hill installed commercial systems in a barn and then leased this for the use and development of a commercial marijuana grow operation. On December 4, 2018, Flying J initiated an action in the Montana Fifth Judicial District Court, Beaverhead County, to, in part, enjoin the commercial marijuana grow operation propagated by Hill. This action, Cause No. DV-2018-0014149, went to a bench trial on August 25, 2023. Judge Berger has not yet made a ruling.

Flying J is the owner of a 103-acre parcel of agricultural property near Dell, Montana, presently devoted to raising alfalfa. Additionally, Flying J owns three adjacent lots (Lots 1, 2, and 3) within the Foxley Minor Subdivision, each with a single-family residence. Flying J's sole partners are Paul Burt and Ted Caldwell. Both are retired with primary residences in Utah. Burt, Caldwell, and their families reside in two of the three homes during their agricultural activities.

Chad Hill purchased Lot 4 on January 31, 2014. His deed recites the purchase was subject to the covenants. Before his purchase, Hill and his real estate agent asked Burt and Caldwell to amend or waive the restrictive covenants. This request was

refused, and Hill consummated his purchase anyway. After his purchase, Hill installed a commercial electric panel and service, five split heating and air conditioning systems, and a toilet facility, all within the barn on Lot 4. He did so surreptitiously and without informing or consulting with either Burt or Caldwell. Hill then leased the barn for use and development of a commercial marijuana grow operation. This led to the civil action filed in the Fifth Judicial District.

In this action, Plaintiffs claim that there was a settlement agreement reached in the civil action before Judge Berger, and that the Flying J Defendants have breached that agreement. This is false. Although the parties mediated the case and engaged in settlement negotiations, no formal agreement was reached.

On April 20, 2020, Defendant David Wendt applied for and was granted a search warrant for a separate residence owned by Plaintiffs, located at 2215 E. Bailey Street, in Lima, Montana. The search warrant was executed the same day. On September 10, 2020, Plaintiffs were charged separately with felony criminal production or manufacture of dangerous drugs, criminal possession with intent to distribute, and criminal possession of dangerous drugs. The criminal cases against Plaintiffs were dismissed in February of 2022.

In this action, Plaintiffs allege that Burt and Caldwell informed law enforcement that Plaintiffs were operating an illegal grow operation, and were

selling marijuana out of their home illegally, to have law enforcement criminally investigate Plaintiffs. *See* Amd. Complt., ¶¶ 19, 145.

B. <u>Basis for federal jurisdiction and venue.</u>

Plaintiffs filed this action in federal court based on alleged constitutional violations, pursuant to 42 U.S.C. § 1983. The Butte Division is proper because the alleged events took place in Beaverhead County.

C. <u>Factual basis of claims and defenses.</u>

See above.

D. <u>Legal theory underlying claims/defenses, citing authority where necessary to a reasonable understanding of the claim or defense.</u>

<u>Plaintiff's Claims</u>

<u>Count 5 - Negligent Infliction of Emotional Distress Caldwell, Burt and Flying J Ranch Claim:</u>

Plaintiffs assert Flying J Defendants were negligent and caused years of financial and emotional distress and led to the criminal charges being filed against Plaintiffs. Flying J Defendants deny these allegations and aver that Plaintiffs have not set forth the requisite evidence to establish a claim for Negligent Infliction of Emotional Distress under Montana law.

<u>Count 6 - Intentional Infliction of Emotional Distress Flying J Ranch, Burt, Caldwell Claim:</u>

Plaintiffs allege Flying J Defendants acted intentionally to cause Plaintiffs severe emotional distress. Flying J Defendants deny these allegations and aver that

Plaintiffs have not set forth the requisite evidence to establish a claim for Intentional Infliction of Emotional Distress under Montana law.

Count 7 - Breach of Contract Burt Caldwell, and Flying J Ranch Claim:

Plaintiffs allege Flying J Defendants entered into a valid settlement agreement on September 26, 2019, which was reduced to writing and filed in court by a mediator. Complt., ¶ 23. While the parties did go to a mediation, they did not reach a settlement agreement, and no agreement was signed.

Count 8 - Conspiracy Burt and Caldwell Claim:

Plaintiffs allege Burt and Caldwell colluded with Wendt to initiate a criminal investigation and prosecution by allegedly insinuating that Plaintiffs were selling marijuana out of their home illegally and were growing marijuana illegally at another location. These allegations are denied.

Count 9 - Defamation Burt and Caldwell Claim:

Plaintiffs allege Burt and Caldwell defamed Plaintiffs by allegedly informing law enforcement that Plaintiffs' grow operation was illegal. These allegations are again denied.

Affirmative Defenses of Flying J Defendants

Flying J Defendants raised 12 affirmative defenses so that they will not be waived. Some of Flying J Defendants' affirmative defenses may not apply when this case proceeds to trial. At the Pretrial Conference, Flying J Defendants will dismiss

any affirmative defense which does not appear to be reasonably based and supported by the facts and/or law. They are further explained below.

1. Causation. This defense involves Plaintiffs' burden to prove causation and may involve evidence of other causes of Plaintiffs' claimed damages.

2. The parties never reached a settlement agreement. This is self-explanatory.

3. Collateral estoppel and/or res judicata. Some of Plaintiffs' claims may be barred to the extent they could have been or were already litigated in the case before Judge Berger.

4. Some or all of Plaintiffs' claims against Flying J Defendants are barred as they could have been brought as counterclaims in previously filed litigation, including in Cause No. DV-1-2018-14149 before Judge Berger.

6. Breach of duty or violation of rights. This defense is self-explanatory.

7. Unforeseeable intervening conduct of others. This defense is self-explanatory.

8. Statute of limitations. This defense is self-explanatory.

9. Constitutionally protected and privileged speech. This defense is self-explanatory.

10. Punitive damages not factually supported. This defense is self-explanatory.

11. Punitive damages unconstitutional. This defense is self-explanatory.

12. Punitive damages unconstitutional. This defense is self-explanatory.

13. Right to assert further affirmative defenses. This is a statement reserving rights.

E. <u>Computation of damages.</u>

The Flying J Defendants are not seeking damages at this time.

F. <u>Pendency or disposition of any related state or federal litigation.</u>

Flying J initiated an action in the Montana Fifth Judicial District Court, Beaverhead County, to, in part, enjoin the commercial grow operation propagated by Hill. This action, Cause No. DV-2018-0014149, went to a bench trial on August 25, 2023. Judge Berger has not yet made a ruling.

G. <u>Proposed additional stipulations of fact not included in the Statements of Stipulated Facts, and the parties' understanding as to what law applies.</u>

Flying J Defendants believe it can be stipulated that the civil action in the Montana Fifth Judicial District Court went to a bench trial on August 25, 2023. Flying J Defendants understand Montana law applies to the claims against them.

H. <u>Proposed joinder of parties and amendments to pleadings deadlines.</u>

The Joint Discovery Plan includes January 12, 2024, as the agreed deadline for joiner of parties and amendment of pleadings.

I. <u>Controlling issues of law suitable for pretrial disposition.</u>

Flying J anticipates filing Motions for Summary Judgment on all or most of Plaintiffs' claims, based in part on the legal authority cited in its affirmative defenses.

J.  <u>The name, city and state of current residence, of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses, and a summary of that information.</u>

At this preliminary stage, Defendants Ted Caldwell, Paul Burt, and Flying J Ranch believe the following may have discoverable information:

1. Chad Burton Hill, Plaintiff, has knowledge about the claims asserted and interactions between the parties.

2. Louiza Bissette, Plaintiff, has knowledge about the claims asserted and interactions between the parties.

3. Ted Caldwell, Defendant, has knowledge about the interactions between the parties.

4. Paul Burt, Defendant, has knowledge about the interactions between the parties.

5. David Wendt, Defendant, has knowledge about the interactions between the parties.

6. Law enforcement personnel with the Beaverhead County, as identified by Beaverhead County, are believed to have knowledge regarding the criminal investigation and prosecution of the Plaintiffs.

7. Angela Dansie, (city unknown) Montana, is believed to have knowledge and information regarding her commercial grow operations on Plaintiffs' property.

8. Billy Briggs, Dell, Montana, is believed to have information regarding interactions with the parties.

K. <u>Substance of insurance agreement that may cover any resulting judgment.</u>

Flying J Defendants have a policy with Mountain West Farm Bureau Mutual Insurance Company, Policy No. CQM12831. A copy of the policy will be provided with Flying J Defendants' Initial Disclosures.

L. <u>Status of settlement discussions and prospects for compromise.</u>

Besides the settlement negotiations discussed above, involving the civil case filed in the Montana Fifth District Judicial Court, there have been no settlement discussions. Depending on the resolution of that case, the Flying J Defendants remain open to the possibility of compromise.

M. <u>Suitability of special procedures or placement on an expedited trial docket.</u>

Flying J Defendants do not believe special procedures are suitable in this matter.

N. <u>Electronically stored information.</u>

Flying J Defendants have copies of the below, which are also believed to be in the possession of counsel for Plaintiffs:

1. Pleadings, filings, and correspondence from the civil case filed in the Montana Fifth Judicial District Court.

2. The Declarations of Covenants, Conditions, and Restrictions covering the Foxley Minor Subdivision.

DATED this  26th day of  October , 2023.

           */s/ Peter B. Ivins*
          Nicholas J. Pagnotta
          Peter B. Ivins
         *Attorneys for Defendants Paul Burt,*
         *Ted Caldwell, and Flying J Ranch, LLP*