Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| CHAD BURTON HILL and LOUISA BISSETTE, | CV-23-34-BU-DWM |
| Plaintiffs, | |
| v. | **PLAINTIFFS' PRELIMINARY PRETRIAL STATEMENT** |
| PAUL BURT, TED CALDWELL, FLYING J RANCH, LLP, DAVID WENDT, BEAVERHEAD COUNTY, and DOES 1-10, | |
| Defendants. | |

## A. Brief Facts

Plaintiffs Chad Hill and Louisa Bissette live in the Foxley Minor Subdivision on Kezia Lane in Dell, Beaverhead County, Montana. Defendants Burt and Caldwell also live in the subdivision. Burt and Caldwell are partners in Defendant Flying J. In 2020, Hill and Bissette were licensed through the Montana Department of Public Health and Human Services ("DPHHS") to grow marijuana in their barn,

located on a property near their home on Kezia Lane. Defendants Burt and Caldwell did not like that Hill and Bissette were growing marijuana on Kezia Lane and began taking actions to prevent Hill and Bissette from continuing to conduct their business. Burt and Caldwell initiated litigation against Hill and Bissette, trespassed onto Hill and Bissette's property, and enlisted Defendant Wendt, at the time the Deputy Sheriff of Beaverhead County, to manufacture a criminal case against Hill and Bissette.

Wendt took it upon himself to investigate Hill and Bissette for over a year, despite knowing that their conduct was legal and licensed. Wendt was clear in his objective to arrest Hill and Bissette: Wendt spoke openly about conducting a criminal raid on Hill and Bissette' property and intentionally used incorrect information to secure a search warrant. As a result of Wendt's investigation, Hill and Bissette were charged separately in September 2020 for three felonies. Hill and Bissette endured these related criminal proceedings for seventeen months before the unwarranted charges were dismissed. Hill and Bissette lost their property, suffered severe mental anguish and distress, suffered damage to their personal relationships and their reputations, and suffered economic harm.

### B. Jurisdiction and Venue

Jurisdiction and venue are proper in this court.

### C. Factual and Legal bases of claims

Hill and Bissette allege the following claims in this matter: 42 U.S.C.§ 1983 (Counts 1 and 2); Violation of Rights Under the Montana Constitution (Count 3); Negligence (Count 4); Negligent Infliction of Emotional Distress ("NIED") (Count 5); Intentional Infliction of Emotional Distress ("IIED") (Count 6); Breach of Contract (Count 7); Conspiracy (Count 8); and Defamation (Count 9).

To bring §1983 claims in Count 1 and state claims in Count 3, Plaintiffs must show that Defendants while acting under color of law and in the course and scope of their positions as police officers unlawfully searched Plaintiffs' property and employed false pretenses to obtain a search warrant. Plaintiffs bring claims under both the federal and state constitutions against Defendants. Plaintiff had the fundamental, inalienable, and self-executing rights to have individual privacy and to be free from unreasonable seizures by government actors.

To bring *Monell* claims in Count 2, Plaintiffs must show (1) that he possessed a constitutional right of which he was deprived; (2) that the county government had a policy; (3) that this policy "amounts to deliberate indifference" to the plaintiff's constitutional right; and (4) that the policy is the "moving force behind the constitutional violation.

Negligence, Count 4, is the failure to use the degree of care an ordinarily prudent person would use in the same circumstances. Plaintiffs allege that County Defendants failed to conform to the standard of care expected of a reasonable

police officers, and that the Flying J defendants failed to use the degree of care expected of normal citizens. In order to bring a negligence claim in Montana, Plaintiffs must show that the Defendants were negligent under Montana law, breached that duty, and the breach caused harm to Plaintiffs.

For the Emotional Distress claims, Counts 5 and 6, Plaintiffs must show that Defendants caused Plaintiffs to suffer serious or severe emotional distress that no reasonable person would be expected to endure.

Count 7, breach of contract, requires Plaintiffs to show that there was a valid contract and Defendants violated the terms of the contract to Plaintiffs' disadvantage.

To prove a conspiracy claim, Count 8, Plaintiffs must show there was an agreement between two or more persons to break the law at some time in the future or to achieve a lawful aim by unlawful means.

Finally, for Count 9, Defamation, Plaintiffs must prove that Defendants libeled or slandered Plaintiffs. Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation that exposes any person to hatred, contempt, ridicule, or obloquy or causes a person to be shunned or avoided or that has a tendency to injure a person in the person's occupation.

Depending on information obtained in discovery, Plaintiffs will amend their complaint as appropriate.

### D. Damages

Damages have not yet been computed in this matter.

### E. Related litigation

Flying J has sued Plaintiff Hill in state district court over alleged violations of neighborhood covenants.

### F. Proposed Stipulations of Fact

Parties have filed a Statement of Stipulated Facts.

### G. Additional Proposed Stipulated Facts

1. In their tentative agreement to settle their lawsuit, Flying J and Hill determined that Hill would be prohibited from engaging in further commercial activity on his property and that Hill would relocate his licensed marijuana grow operation by June 30, 2020.

2. Hill and Bissette shut down their operation at 91 Kezia Lane in December 2019 in accordance with the settlement agreement.

3. On March 19, 2020, Flying J's counsel sent a letter to Hill's attorney informing him that his clients had now rejected the previously agreed to settlement agreement and were going to pursue enforcement of the covenants.

4. On March 26, 2020, Hill and Caldwell, one of the owners of Flying J, met in the street between their homes on Kezia Lane and came to another agreement to

settle the litigation. This agreement consisted of the same terms agreed to in November 2019.

5. On March 26, 2020, Hill told Caldwell that Hill had purchased a building in Lima and was actively trying to comply with the agreement by June 30, 2020.

6. On April 7, 2020, Flying J's counsel sent Hill's attorney a "Mutual Settlement and Release Agreement" which reduced to writing the parties' settlement agreement reached at their first settlement conference on September 26, 2019.

7. On April 13, 2020, Wendt appeared at the Lima town council meeting and informed the mayor and town council that a marijuana grower [Hill] had relocated his operation to Lima.

8. Wendt informed the mayor and town council of Lima that he was waiting for verification from DPHHS that there was not a licensed marijuana grow operation at 215 E Bailey before conducting a criminal raid on the property.

9. On February 15, 2021, the state offered a deferred prosecution agreement to Bissette in exchange for her giving the state information and testifying against Hill.

**H. Joinder**

Parties have agreed to have until January 12, 2024, to add parties or amend pleadings.

**I. Pretrial Disposition**

Plaintiffs are not aware of any issues appropriate for pretrial disposition.

**J. Persons with Knowledge**

1. Chad Hill, plaintiff
2. Louisa Bissette, plaintiff
3. Paul Burt, defendant
4. Ted Caldwell, defendant
5. David Wendt, defendant
6. Deputy Ceth Haggard, Beaverhead County Sheriff's Department
7. Deputy Aaron Bowman, Beaverhead County Sheriff's Department
8. Deputy Dale Stewart, Beaverhead County Sheriff's Department
9. Angie Dansie, Blue Ribbon Botanicals
10. Bill Briggs, Wendt's brother in law
11. Mike Lilly, mediator of Flying J lawsuit
12. Lee Salmonsen, tenant at Dell property
13. Joe Richard, previous owner of Dell property
14. Rich Bowman and Cindy Bowman, neighbors of Dell property

15. Linda Cochran, neighbor of Dell property

16. Devin Keller, Montana MMP

17. Richard Reyes, electrician

**K. Insurance**

Plaintiffs believe Beaverhead County is covered through MACo and that the Flying J defendants have private insurance.

**L. Settlement**

No settlement discussions have taken place, and any settlement prospects will not be known until parties have had opportunity for further discovery.

**M. Special procedures**

Plaintiffs are not aware of any necessary special procedures in this matter.

Dated this 26th day of October, 2023.

/s/Timothy M. Bechtold
BECHTOLD LAW FIRM