Marisa L. Heiling
Jason M. Collins
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
mlheiling@garlington.com
jmcollins@garlington.com

Attorneys for Defendant Sheriff David Wendt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CHAD BURTON HILL AND LOUISA BISSETTE,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL BURT, TED CALDWELL, FLYING J RANCH, LLP, BEAVERHEAD COUNTY SHERIFF DAVID WENDT, BEAVERHEAD COUNTY, and DOES 1-10,<br><br>Defendants. | CV-23-34-BU-DWM<br><br><br>DEFENDANT WENDT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS |

Defendant Sheriff David Wendt, by and through counsel of record, hereby

gives his Reply in Support of his Motion to Dismiss.

# INTRODUCTION

The gravamen of Plaintiffs' Complaint (Doc. 1) and Response Brief (Doc. 16) is that Defendants, including Wendt, did not respect Plaintiffs' federally illegal right to cultivate marijuana under state law. Plaintiffs would like the Court to believe that the 27 pounds of cut, bagged, and labeled marijuana found on their property led to an "unwarranted drug charge" when the search was, in fact, warranted following a thorough investigation. Plaintiffs conclusively allege that Wendt violated their rights by doing his job as a deputy sheriff and thoroughly investigating Plaintiffs' illegal activity prior to execution of the search warrant by following leads. However, if anything, Plaintiffs' allegations are *unfounded* and based on a speculative conspiracy theory that a deputy was working in concert with a homeowners' association and state and county officials to personally destroy their business and lives for no reason other than that the homeowners' association "did not like" that Plaintiffs were violating covenants by growing marijuana.

Ultimately, Plaintiffs' ultimate complaint is that they should not have been charged for their marijuana cultivation and possession because they had complied with the state's medical marijuana regime—a regime from which no federally protected rights can arise. They further complain that they were criminally charged

for violating state marijuana law, despite Wendt's not having charging authority as a deputy sheriff. (Doc. 16 at 8 ("Hill and Bissette did not suffer actual harm until they were subject to arrest because it was the criminal charges and proceedings that impacted their livelihood and wellbeing, not the search itself.")). Wendt was merely investigating a suspected crime, diligently pursuing comprehensive leads before executing a search warrant and arrest warrant—precisely what is expected of local law enforcement. Plaintiffs continue that the criminal proceedings and civil litigation with Flying J have ruined their lives, particularly their federally illegal marijuana business, without anything more than bare, conclusory allegations.

## ARUGMENT

1. **Statute of Limitations**

Plaintiffs agree with Wendt that the statute of limitations begins to run when a cause of action accrues, and a cause of action accrues when a plaintiff *knows or has reason to know* of the injury, *which is ordinarily the date of the injury.* (Doc. 9 at 3-4 and Doc. 16 at 8). For § 1983 claims, date of accrual is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[A]ccrual occurs when the plaintiff has a complete and present cause of action." *Id.* (internal alternations and quotations omitted). "To determine when a plaintiff has a complete and

DEFENDANT WENDT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS     3
4895-8964-9288

present cause of action, the court focuses first on the specific constitutional right alleged to have been infringed." *Reed v. Goertz*, 598 U.S. 230, (2023) (citing *McDonough v. Smith*, 139 S. Ct. 2149 (2019)).

Plaintiffs ask that the statute of limitations be found to begin on September 11, 2020—the day their arrest warrants were filed following the search on April 20, 2020. (Doc. 16 at 8).

Plaintiffs allege that "Hill and Bissette's claim is like malicious prosecution and a *Devereaux* claim[.]" (Doc. 16 at 9-10) (emphasis added). A *Devereaux* claim is the right "to be free from [criminal] charges" based on a claim of deliberately fabricated evidence. *Deveraux v. Abbey*, 263 F.3d at 1075 (9th Cir. 2001). It is like a malicious prosecution claim, which is the right to be free from the use of the legal process that is motivated by malice or unsupported by probable cause. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004).

Plaintiffs cite a string of cases to lead the Court to believe that causes of action for searches can only be implicated on arrest. (Doc. 16 at 8-9). However, rights can also be implicated at the time of the search. "[F]ederal law holds that a cause of action for illegal search and seizure accrues when the wrongful act occurs . . . even if the person does not know at that time that the search was warrantless." *Belanus v. Clark*, 796 F.3d 1021, 1026 (citing *Venegas v. Wagner*, 704 F.2d 1144,

1146 (9th Cir. 1983) (overturned on other grounds); *Kuan v. U.S. Customs Service*, No. CV 08-1980-DDP (MAN), 2009 U.S. Dist. LEXIS 126574, at *5 (C.D. Cal. Dec. 16, 2009)). Furthermore, in *Belanus*, the Court found that the plaintiff's causes of action accrued "on whatever dates . . . that the police searched his home, shed, and workplace" because the plaintiff did not deny he was unaware of the searches occurring in his home and, thus, were barred by the applicable statute of limitations. *Belanus v. Clark*, 796 F.3d 1021, 1025.

Here, the material portions of Plaintiffs' Complaint reveal that Hill and Bissette "knew or had reason to know" of the "conspiracy" that led to the search over a year before the search occurred in April 2020 because of, but not limited to, the lawsuit by Flying J against them in April 2019. Plaintiffs admittedly knew of the lawsuit against them because they engaged in settlement negotiations in September-November 2019. Plaintiffs also do not allege that they did *not* know or have reason to know that the April 20, 2020 search was conducted on 215 East Bailey until September 11, 2020 when the arrest warrants were served.

For Due Process violations, the claim is "complete" only when "the State fails to provide due process." *Reed v. Goertz*, 143 S. Ct. 955, 961 (citing *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). Here, the alleged due process violation against Wendt does not arise from the criminal lawsuit but upon the issuance of the

arrest warrant following the search. Plaintiff also alleges § 1983 violations under the "Fourth Amendment to be free from reasonable searches, unreasonable seizures, false imprisonment, wrongful conviction, malicious prosecution, and excessive force." (Doc. 4 at ¶ 103). Plaintiffs knew or had reason to know of the search, the basis for the search warrant, and the subsequent arrest upon receipt of the warrant left at 215 East Bailey on April 20, 2020 and the seizure of property.

"Plaintiff is placed on constructive notice of the illegal conduct when the search and seizure takes place." *Klein v. City of Beverly Hills*, 846 F.3d 1276, 1279 (citing *Belanus v. Clark*, 796 F.3d 1021, 2025-27 (9th Cir. 2015)). If the Plaintiff alleges that law enforcement mislead the warrant-issuing judge, the accrual date for an illegal search is when the plaintiff has access to the underlying affidavit of the warrant application or when it became reasonably available. *Id*. (citing *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985). Here, the supporting affidavit would have been available after the search on April 20, 2020. Unlike *Klein*, Plaintiffs failed to diligently pursue the facts underlying their Fourth Amendment claim by requesting the warrant and supporting affidavit. Plaintiffs have failed to show that they were denied access to such documents by Wendt.

2. **Equitable Tolling**

If the Court finds that Plaintiffs claims were filed outside the applicable statutes of limitations the doctrine of equitable tolling for the period of April 20,

2020, to February 9, 2022 does not apply. Plaintiffs ask the Court to adopt the federal equitable tolling standard that the petitioner bears the burden of establishing that he was diligent in pursuing his rights and some extraordinary circumstance stood in his way and prevented timely filing and that courts must evaluate on a case-by-case basis and demonstrate flexibility and avoid mechanical rules. (Doc. 16 at 12).

However, "state law governs the tolling of the statute of limitations in § 1983 cases." *Belanus*, 796 F.3d at 1025 (citing *Wallace* 549 U.S. at 394). Montana severely curtails the application of equitable tolling under these facts:

> The Montana Supreme Court favorably compared its perspective to federal equitable tolling rules, citing cases that held that: (1) equitable tolling is limited to rare and exceptional circumstances where the defendant is responsible for concealing the existence of plaintiff's cause of action; (2) equitable tolling "does not require that the defendant's conduct rise to the level of fraud, or even be intentional, but only that the nature of the defendant's actions has concealed from the plaintiff the existence of the claim"; [**11] and (3) equitable relief is only available when the plaintiff is actually prevented from filing on time despite exercising diligence.

*Id*. at 1026 (citing *Schoof v. Nesbit*, 2014 MT. 6, 373 Mont. 226, 316 P.3d 831, 840).

Here, Plaintiffs make no allegations within their Complaint or Response that support the element that Defendant Wendt concealed the existence of Plaintiff's present cause of action. Plaintiffs *knew or had reason to know* of the execution of

the April 20, 2020 search warrant because a copy was left, and no allegations have been made to the contrary.  Furthermore, Plaintiffs allege that the April 20, 2020 search was a product of an ongoing conspiracy instigated by Paul Burt, Ted Caldwell, and Flying J to remove Plaintiffs' medical marijuana business from the subdivision that started with a lawsuit in April 2019.  Ultimately, Plaintiffs make no allegations of actions taken by Wendt to conceal their causes of action against him—in fact, it is pled to the contrary.

    Plaintiffs have failed to show any diligence that they exercised to file their Complaint in a timely manner.  The pendency of criminal charges does not prevent Plaintiffs from filing federal civil rights or state claims, to which they admittedly knew about from September 2020 to February 2022.  Plaintiffs state that "writing numerous letters to *his* counsel seeking crucial information and providing direction, by repeatedly requesting *his* counsel be removed from the case, and filing *his* own pro se habeas petition on the day he learned his AEDPA filing period had expired" is sufficient diligence.  (Doc. 16 at 12-13).  However, presumably, those examples only apply to Hill through the use of male pronouns and do not explain how any of it applies to the diligence of filing *this* action—instead of providing allegations involving his criminal matter.  Plaintiffs also stated that they were "in active negotiations and litigation" with Burt, Caldwell, and

Flying J to work out their civil disagreement. (Doc. 16 at 13). However, the Complaint and Plaintiffs' Response Brief do not allege *any* activity between September 2020 to February 2022 that would show diligence or an inability to pursue this lawsuit. Plaintiffs have failed to show *any* diligence in timely filing their Complaint in this matter under state law or under *Holland*. *See Holland v. Florida*, 560 U.S. at 650-653, 130 S. Ct. 2549, (2010).

      Plaintiffs fail to show that this case meets the rare and exceptional circumstances to which equitable tolling applies under state law or under the *Holland* standard cited by Plaintiffs. *See Holland*, 560 U.S. at 649. Under Montana law, "[t]he doctrine of equitable tolling arrests the running of the limitations period after a claim has accrued, allowing in *limited* circumstances for an action to be pursued despite the failure to comply with relevant statutory filing deadlines." *Schoof*, ¶ 6. (emphasis added). Plaintiffs fail to provide any explanation or examples of *how* they feared retaliation and how that prevented their filing on this action's Complaint beyond describing Wendt's ordinary investigation prior to execution the search warrant that included observing the property, talking the neighbors, and contacting the state and electric company—which would occur in any similar criminal investigation. It further appears Plaintiffs argue that this lawsuit is *still* equitably tolled because Plaintiffs "fear that

in attempting to rebuild their livelihood, they will continue to be subject to Defendant Wendt's attention and unlawful investigations" by then identifying behavior of others who are not Wendt and who are outside of Wendt's control— Burt, Caldwell, and the Dillon Tribune. (Doc. 16 at 17).

### 3. Plaintiff Fails to State Claims

Plaintiffs' failure to state claims are not solely based on the statutes of limitations, but that Plaintiffs lack subject matter jurisdiction for a cognizable claim to a right to grow marijuana, and Plaintiffs did not plead properly under the *Iqbal* standards, which requires more than threadbare recitals of the elements of the cause of action and conclusory statements. *Iqbal*, 556 U.S. at 662; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### a. Count 1: 42 U.S.C. § 1983

First, this Court lacks subject matter jurisdiction for federal claims regarding Plaintiffs' interest in per se contraband of medical marijuana or its businesses from which no federal civil rights violations can arise. *See* Doc. 9 at 9-10. Plaintiffs allege that they also had a cognizable property interest in their Lima property that they purchased for the sole purpose of federally illegal marijuana cultivation (Doc. 1 at ¶¶ 28-29) and their ability to make a living cultivating federally illegal marijuana. (Doc. 16 at 13).

Marijuana, at the time of Plaintiffs' allegations through today, is recognized by the Ninth Circuit as illegal under the Controlled Substances act. (*See* Doc. 9 at 15).

"Hill and Bissette's claim is like malicious prosecution and a *Devereaux* claim because Wendt conspired with other Defendants and used his position as a Deputy Sheriff to subsequently wield the legal process to arrest Hill and Bissette." (Doc. 16 at 9-10). However, as soon as Wendt suspected there were *any* plants on the property, which was confirmed by Salmonsen (Doc. 16 at ¶ 64), Wendt had reasonable suspicion and probable cause under federal law.

Moreover, Plaintiffs admit that they suffered no injuries from Wendt's search: "Regardless of the illegality of the search of their Quonset hut on April 20, 2020, Hill and Bissette **did not suffer actual harm until they were subject to arrest** because **it was the criminal charges and proceedings that impacted their livelihood and wellbeing, not the search itself**." (Doc. 16 at 8) (emphasis added).

Because Plaintiffs have no cognizable property interest in marijuana or its business prospects, there is no subject matter jurisdiction for their claims under federal law. (*See* Doc. 9 at 9-10). Furthermore, Plaintiffs admittedly did not suffer damages from the search, an element of every tort without which a claim cannot proceed.

### b. Count 3: Violation of the Montana Constitution

Plaintiffs' Response Brief describes the factual allegations that support their Count 3: "Wendt violated their privacy when he unlawfully intruded into their property and pursued a frivolous investigation, resulting in Hill and Bissette being implicated in and charged for unsubstantiated felonious conduct." (Doc. 16 at 22-23).

Wendt had a legally executed search warrant which was based on information that he had acquired during his investigation. (Doc. 1 at ¶ 62). Plaintiffs' attempt to identify Wendt's investigation as "frivolous" is a conclusory legal statement, which is not supported by facts as alleged in the Complaint as Wendt followed leads and acquired information in this investigation.

### c. Count 4: Negligence

To maintain a negligence action, plaintiffs must allege four elements: duty, breach, causation, and damages. *Fish v. Swift Transp. Co.*, 2008 MT 105, ¶ 13. However, Plaintiffs admit in their Response that they were not damaged by Wendt's search, which was the end of Wendt's involvement on April 20, 2020, according to the facts pled. (Doc. 16 at 8). Instead, Plaintiffs claim that the harm they suffered was from the seventeen-months of criminal prosecution that was in the hands of the prosecutors—not Wendt. (Doc. 16 at 23-24).

### d. Counts 5 and 6: Emotional Distress

Plaintiffs "allege that facing three felony charges for seventeen months caused them severe emotional distress." (Doc. 16 at 24). Plaintiffs argue that "[n]o reasonable person would be expected to endure the circumstances faced by Hill and Bissette." (Doc. 16 at 24). The "circumstances" of note by Plaintiffs are that Wendt investigated Plaintiffs in their small towns by "talking to their neighbors, electrician, licensing handler, electric company, subdivision owners, and the city council." (Doc. 16 at 24). However uncomfortable a criminal investigation may be in a small town; law enforcement personnel must still do their jobs in investigating potential criminal activity. Allegations of a deputy sheriff talking to neighbors to ask what they have noticed around a suspected marijuana grown operation, following leads, checking license status, checking energy use, and talking to the private and local authorities, fails to allege a breach of ordinary care.

### e. Counts 8: Conspiracy

Similar to Count 4, Plaintiffs fail to allege with particularity how Wendt's actions damaged Plaintiffs when they admit that the search itself did not harm them. (Doc. 16 at 8). Plaintiffs therefore cannot argue that Wendt's actions leading to the April 20, 2020 search proximately resulted in their damages. *See*

*Schumacker v. Meridian Oil Co.*, 1998 MT 79, ¶ 18.

Plaintiffs merely allege that "**Caldwell and Burt** *informed* Wendt that the Plaintiffs frequently sold marijuana out of their home on Kezia Lane, *insinuated* that Plaintiffs were selling marijuana illegally, and that Plaintiffs were illegally growing marijuana at 215 E Bailey." (Doc. 1 at ¶ 145). Wendt was a deputy sheriff at the time, a job that required him to listen to and investigate citizens' complaints about potential criminal activity. Plaintiffs thus have failed to allege an articulable conspiracy from that conversation. If such statements were false, Wendt's duty as a deputy sheriff was accordingly to investigate and discover such. (*See* Doc. 1 at ¶ 145). And, indeed, Wendt investigated by contacting the State learning that Plaintiffs had a valid license at Kezia Lane but not at East Bailey. (Doc. 1 at ¶¶ 21, 66).

Plaintiffs thus inflate Wendt's investigation to conform their own conspiracy theories of what happened. Yet Plaintiffs have failed to allege *what* evidence and testimony was "manufactured" or "withheld" to obtain a search warrant. (Doc. 1 at ¶ 146). Whatever Wendt allegedly told a State employee about what an electrician saw, does not implicate Plaintiffs' constitutional rights—Wendt was following a lead as a criminal investigator. As described in Wendt's opening brief, and unchallenged in Plaintiffs' Response, Wendt's contact with Keller was not a

HIPAA violation. Plaintiffs fail to show *what* information or *how* that unknown information was "improperly obtained" and used to secure the search warrant. (*See* Doc. 1 at ¶ 145).

Additionally, Salmonson consented to the search and let Wendt into the property at 215 East Bailey regardless of the search warrant where they found evidence of a large grow operation that was not Salmonsen's. (Doc. 1 at ¶ 69). The facts alleged therefore fail to articulate a cognizable claim.

## CONCLUSION

For the reasons stated herein and in Wendt's opening brief, and based upon established law, the Court should appropriately dismiss Counts 1, 3-6, and 8, all of which were asserted against Sheriff Wendt in Plaintiffs' Complaint and Jury Demand (Doc. 1). The facts alleged for these counts fail to state a cognizable claim and are barred by the applicable statute of limitations.

DATED this 30th day of October, 2023.

/s/ Marisa L. Heiling
Attorneys for Defendant Sheriff David Wendt

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this **Defendant Wendt Reply to Plaintiffs' Response to Motion to Dismiss** is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Office Word 2016, is 3121 words long, excluding Caption and Certificate of Compliance.

                                          /s/ Marisa L. Heiling
                                      Attorneys for Defendant Sheriff David Wendt