Jennifer A Morgan
Mitchell A. Young
County Litigation Group
2715 Skyway Drive
P.O. Box 6697
Helena, MT 59604-6697
Phone (406) 441-5471
myoung@mtcounties.org
jmorgan@mtcounties.org
*Counsel for County Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA,
BUTTE DIVISION

| | |
|---|---|
| CHAD BURTON HILL and LOUISA BISSETTE,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL BURT, TED CALDWELL, FLYING J RANCH, LLP, BEAVERHEAD COUNTY SHERIFF DAVID WENDT, BEAVERHEAD COUNTY, and DOES 1-10,<br><br>Defendants. | Cause No.: CV-23-34-BU-DWM<br><br>DEFENDANT BEAVERHEAD COUNTY'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DIMISS |

Defendant Beaverhead County (the County) through its counsel of record, moved for dismissal and filed a supporting brief on September 12, 2023. Plaintiffs filed their Response to the County's Motion to Dismiss on October 16, 2023. The County submits herein its Reply Brief in Support of Motion to Dismiss.

# ARGUMENT

1. Constitutional Violations.

Plaintiffs allege the County violated their constitutional rights as a result of unwarranted criminal proceedings. In support of their argument, Plaintiffs cite to *Foss v. National Marine Fisheries*, where the court held that an applicant for a federal fishing quota permit had a property interest in acquiring a fishing permit that was protected by procedural due process. 161 F.3d 584 (9th Cir. 1998). What the Plaintiffs conveniently ignore is the entirety of the *Foss* analysis, where the Ninth Circuit, finding for the Respondent, held that the notice given to the Plaintiff was adequate. *Id.* at 589. The court reasoned that *Foss* received all the process he was due because his claim, "a bare assertion" that notice was required, was not sufficient to overcome the balancing test. *Id.* Similar insufficiencies abound in the Plaintiffs' response.

Plaintiffs assert they lost their real property as a result of unwarranted criminal proceedings but provide no facts which support that the Plaintiffs' loss of their property in Lima was the result of any action or inaction by the County. Additionally, Plaintiffs' bare assertion that their interest in being free from "malicious" investigation is a deprivation of their liberty is a false statement of the law. Even if Plaintiffs could show they were subjected to "malicious"

investigation, the Supreme Court has not decided whether these actions amount to an unconstitutional deprivation. *See Hartman v. Moore*, 547 U.S. 250, 262 n.9 (2006) ("Whether the expense or other adverse consequences of a retaliatory investigation would ever justify recognizing such an investigation as a distinct constitutional violation is not before us."); *see also Rehberg v. Paulk*, 611 F.3d 828, 851 (11th Cir. 2010) ("[The] right to be free from a retaliatory investigation is not clearly established. The Supreme Court has never defined retaliatory investigation, standing alone, as a constitutional tort . . . ."). Plaintiffs have failed to establish any cognizable claim that the County violated their due process rights under the Fourteenth Amendment, as such their claim should be dismissed.

Additionally, Plaintiffs claim that their Fourth Amendment Rights were violated when Defendant Wendt allegedly: (1) misrepresented information to secure a search warrant, (2) pursued an investigation into Hill and Bissette knowing their conduct was legal, and (3) conducted a search or their property despite knowledge that Plaintiffs had a valid license. Even assuming the allegations are true, Plaintiffs fail to provide any facts that indicate *how* any Fourth Amendment violation is attributable to the County.

Plaintiffs have failed to allege, much less establish a factual dispute, regarding municipal liability for their constitutional claims against the County. Therefore, the

County is entitled to dismissal as to Count 2 of Plaintiffs' First Amended Complaint.

2. <u>42 U.S.C. Section 1983.</u>

Plaintiffs allege the County's established policies, customs, and practices deprived them of their rights and the County "failed to train, supervise, and discipline" its law enforcement officers on proper police practices. Plaintiffs cite to *City of St. Louis v. Praprotnik* to support what appears to be a claim that Defendant Wendt's supervisors (presumably, the County) ratified any unconstitutional conduct which, if that proves true, can serve as "polic[ies] for purposes of municipal liability." 485 U.S. 112 (1988). There the Supreme Court defined several factors which could subject local governments to liability under §1983. *Id.* at 123. First, liability attaches only for acts for which the municipality itself is actually responsible, "that is, acts which the municipality has officially sanctioned or ordered." *Id.* Second, only those municipal officials who have "final policymaking authority" may by their actions subject the government to § 1983 liability. *Id.* Third, whether a particular official has "final policymaking authority" is a question of state law. *Id.* Fourth, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in *that area* of the city's business. *Id.*

The question becomes even more complicated where, as here, the decision is made not by a policymaker, but by a subordinate. "Simply going along with discretionary decisions made by one's subordinates, however, is not a delegation to them of the authority to make policy. It is equally consistent with a presumption that the subordinates are faithfully attempting to comply with the policies that are supposed to guide them." *Id.* at 130. The Court clearly articulated that municipal liability under §1983 does not attach unless facts show the existence of an unconstitutional municipal policy. *Id.* at 128. A claim of municipal liability fails where the Plaintiff, "alleges no specific facts regarding what those policies and practices are." *Brothers v. Monaco*, 363 F.Supp.3d 1138, 1151.

Without additional factual enhancement, Plaintiffs' "naked assertions" that the County "established, policies, customs, and practices, that caused the violation of Plaintiffs' rights" and the County "failed to trial, supervise, and discipline law enforcement officers" is too speculative to state a plausible claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009).

Defendant Wendt, then a Deputy, clearly did not have policy making authority. Plaintiffs allege that because Wendt spoke at a local council meeting and in the community about the investigation (Doc. 1 at 57-58) this supports their claim that the County ratified any action taken by Wendt. However, the mayor of Lima, the town council of Lima, and "the community" lack policy making authority over

Beaverhead County deputies. Plaintiffs fail to provide facts that establish they meet a single factor articulated in *Praprotnik*. Moreover, Plaintiffs fail to provide any basis for their claim that officers failed to follow proper police practices or even describe what police practices are at issue.

Plaintiffs fail to allege any facts to support their claims regarding municipal liability attributable to the County. The County is entitled to dismissal as to Count 2 of Plaintiffs' First Amended Complaint.

## CONCLUSION

Plaintiffs Hill and Bissette failed to provide any factual basis for their claims that the County violated their constitutional rights. Additionally, Plaintiffs failed to provide facts which show the existence of an unconstitutional municipal policy or practice. Plaintiffs' mere assertions are not enough to state a plausible claim against the County. As such, the County is entitled to dismissal as to Count 2 of Plaintiffs' First Amended Complaint.

DATED this 30th day of October 2023.

County Litigation Group

*/s/ Jennifer A. Morgan*
Jennifer A. Morgan

## CERTIFICATE OF COMPLIANCE

The undersigned represents that in accordance with L.R. 7.1(d)(2)(E), the foregoing **Reply Brief** contains **1100** words excluding caption, and compliance, as calculated by Microsoft Word software.

*/s/ Jennifer A. Morgan*
Jennifer A. Morgan