IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CHAD BURTON HILL and LOUIZA BISSETTE,<br><br>Plaintiffs,<br><br>vs.<br><br>BEAVERHEAD COUNTY SHERIFF DAVID WENDT, PAUL BURT, TED CALDWELL, FLYING J RANCH, LLP, and DOES 1-10,<br><br>Defendants. | CV-23-34-BU-DWM<br><br>ORDER |

The parties having submitted a joint discovery plan, (Doc. 19),

**1. The following schedule will govern all further pretrial proceedings:**

| | |
|---|---|
| Deadline for Amending Pleadings: | January 12, 2024 |
| Disclosure of Plaintiff's Damages Experts and Simultaneous Disclosure of Liability Experts: | May 3, 2024 |
| Disclosure of Defendant's Damages Experts: | June 3, 2024 |
| Discovery Deadline: | August 3, 2024 |
| Motions Deadline (including motions *in limine*) (fully briefed): | September 3, 2024 |
| Attorney Conference to Prepare Final Pretrial Order: | week of September 16, 2024 |

1

| | |
|---|---|
| File Trial Briefs and Proposed Final Pretrial Order, Jury Instructions, Voir Dire Questions, and Verdict Forms and e-mail to dwm_propord@mtd.uscourts.gov (Trial Briefs are optional): | September 24, 2024 |
| Notice to Court Reporter of Intent to Use Real-Time: | September 24, 2024 |
| Notice to I.T. Supervisor of Intent to Use Electronic Exhibits or Videoconferencing: | September 24, 2024 |
| Final Pretrial Conference: | October 3, 2024 at 2:30 p.m. Russell Smith Federal Courthouse Missoula, Montana |
| Jury Trial (7-member jury): | October 15, 2024 at 9:00 a.m.[1] Russell Smith Federal Courthouse Missoula, Montana |

**The Court will not continue the above deadlines absent compelling reasons. The parties may stipulate to the extension of any of the above deadlines that precede the motions deadline. The parties need not inform the Court of such stipulations, and the Court will not issue an order to confirm or adopt such stipulations. Parties seeking a continuance of the motions deadline or any subsequent deadline must file a motion with the Court. Such motions will not**

---

[1] Pursuant to 18 U.S.C. § 3161(h) and Federal Rule of Criminal Procedure 50, criminal matters take priority over civil matters in the event of a conflict. Accordingly, all civil trial settings are subject to the Court's criminal calendar.

2

**be granted absent compelling reasons, which do not include delay attributable to the parties' stipulated extensions.**

NOTE: In all documents filed with the Court, the parties shall not use any acronyms or initialisms. Use of generative AI programs, such as Chat GPT, to draft substantive legal or factual arguments is prohibited.

**IT IS FURTHER ORDERED:**

**2. Local Rules and Electronic Filing.** Parties are advised that revised Local Rules for the District of Montana became effective December 1, 2022, and apply in all cases pending when changes become effective. In addition, all counsel must register and file electronically unless good cause can be shown. Fed. R. Civ. P. 5(d)(3)(A). Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office. *See also* L.R. 1.4.

**3. Amended Pleadings.** A party seeking to amend the pleadings after the date specified in paragraph 1 must show "good cause" for amendment under Federal Rule of Civil Procedure 16(b)(4). Only when that showing has been made will the Court consider whether amendment is proper under Federal Rule of Civil Procedure 15.

**4. Stipulations.** Pursuant to Federal Rule of Civil Procedure 16(c)(2)(C), the following facts are admitted and agreed upon:

3

a.  Defendants Paul Burt and Ted Caldwell are citizens of the State of Utah who own Fling J Ranch, LLP, a Montana limited liability partnership.

b.  Defendant David Wendt is a citizen of the State of Montana and the current Sheriff of Beaverhead County. At all times relevant to the issues set forth in this Complaint, Wendt was a Sheriff's Deputy of Beaverhead County.

c.  Defendant Beaverhead County is a political subdivision of the State of Montana.

d.  Flying J Ranch, LLP field a civil action against Hill on December 4, 2018, for, among other things, violating restrictive covenants by operating a commercial growth facility on his property.

e.  Wendt applied for a search warrant on April 20, 2020, which was granted on the same day.

f.  Deputies Wendt, Haggard, Bowman, and Stewart executed the search warrant on April 20, 2020.

g.  On September 11, 2020, Hill and Bissette were charged separately with felony criminal production or manufacture of dangerous drugs in violation of MCA § 45–9–110; criminal possession with intent to distribute in violation of MCA § 45–9–110; and criminal possession of dangerous drugs in violation of MCA § 45–9–102.

h.    The criminal cases against Hill and Bissette were both dismissed without prejudice in the beginning of February 2022.

**5. Cooperation and Proportionality.** The lawyers and the parties are responsible for securing the "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1. Discovery is to be proportional to the reasonable needs of the case. Fed. R. Civ. P. 26(b)(1).

**6. Discovery Exhibits.** <u>During discovery, deposition exhibits shall be numbered seriatim.</u> Numbers used for exhibits during depositions must be used at trial for the same exhibit. The parties are encouraged to use a numbering system that is consistent with the requirements of the District of Montana's digital Jury Evidence Recording System (JERS), as described in paragraph 21 of this Order.

**7. 30(b)(6) Depositions.** Prior to any Rule 30(b)(6) deposition, the parties must meet and confer to identify each person the organization will designate to testify and the topic areas that will be addressed.

**8. Foundation & Authenticity of Discovery Items.** Pursuant to Federal Rule of Civil Procedure 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosure and during the course of discovery. However, if counsel objects to either the foundation or the authenticity of a particular item of evidence, then counsel must make a specific objection to opposing counsel, in writing, within a reasonable time of production. A

"reasonable time" is no later than forty-five (45) days prior to the close of discovery. If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time of production. This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial. All other objections are reserved for trial. Failure to comply with this provision constitutes a waiver of any foundation or authenticity objection at trial.

**9. Supplementation of Discovery Responses.** Pursuant to Federal Rule of Civil Procedure 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

**10. Discovery Disputes.** Discovery disputes will be resolved through standard motions practice. The Court does not entertain informal discovery resolution and the parties should not contact chambers directly. *Compare with* Fed. R. Civ. P. 16(b)(3)(B)(v). Prior to filing a motion to compel discovery, counsel must advise the client that the loser will pay the opposing party's associated fees and costs. *See* Fed. R. Civ. P. 37(a)(5). Counsel must certify its compliance with this requirement in the motion. In addition, at the time the motion is fully-briefed, both parties shall file affidavits with the Court detailing their known fees and costs associated with the motion.

**11. Experts.** The parties have not informed the Court what the subject matters in which experts may be engaged. Experts, if engaged, must be disclosed in accordance with the time limits set forth in paragraph 1.

**12. Expert Disclosure.**

(a)  Retained or Specially Employed.

Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. Expert reports must satisfy the specific requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

(b)  Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written report, pursuant to Rule 26(a)(2)(C), a party must still serve a written disclosure, identifying the evidence and stating:

>(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
>(ii) a summary of the facts and opinions to which the witness is expected to testify.

(c) Objections to the timeliness or sufficiency of a Rule 26(a)(2) disclosure or report must be filed in the form of a motion within fourteen (14) days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed. In this regard, a treating physician is not considered a retained expert witness unless the testimony offered by the treating physician goes beyond care, treatment, and prognosis. If the treating physician's testimony goes beyond care, treatment, and prognosis then there must be full compliance with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B). All other objections to expert testimony may be lodged according to general motions practice.

**13. Rebuttal Experts.** Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 1 for expert disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii). The purpose of simultaneous liability expert disclosures is to avoid "sand bagging" disclosures in an effort to force the opposing party to tip its

liability hand. Accordingly, a party may not file an expert rebuttal report on liability unless the party has already filed its own liability expert report.

**14. Supplementation of Incomplete or Incorrect Expert Reports.**
Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is <u>incomplete</u> or <u>incorrect</u>, through no fault of the proponent or expert witness, must be disclosed no later than ninety (90) days before the date set for trial set forth in paragraph 1.

**15. Motions.** Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), all dispositive motions, discovery motions, and motions in limine shall be fully briefed by the date set forth in paragraph 1. "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the Court. **If the parties can reach an agreement concerning the use of certain confidential and financial commercial information there is no need to seek a protective order from this Court. Unless the parties can show that a negotiated and signed stipulation is insufficient to protect their interests, no order of this Court will be forthcoming concerning protective orders.**

**16. Unopposed Motions.** Unopposed motions shall be accompanied by a proposed order, separate from the motion. The proposed order shall be filed under the heading "Text of Proposed Order" and e-mailed to

dwm_propord@mtd.uscourts.gov. The proposed order shall be a Word document and adhere to the standards set out in Standing Order No. DLC-13. Failure to comply with this procedure will result in delayed resolution of the unopposed motion.

**17. Hearings & Oral Arguments.** Parties shall provide an alphabetized index of cases expected to be referenced, with citations, to the Court Reporter immediately prior to any oral argument or hearing.

**18. Number of Jurors and Length of Trial.** Trial of this case shall be conducted in Missoula, Montana, before a jury of 7 persons. The parties expect the trial to last 2-3 days.

**19. Attorney Conference for Trial Preparation.** If the case does not settle, counsel for Plaintiff shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.4(b). The Final Pretrial Order shall comply with the form prescribed by Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(iii) and Local Rule 16.4. Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list. *See generally* Forms D, E, and F, Local Rules Appendix C.

**20. Trial Exhibits.**

(a) Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial conference. Counsel must provide a binder of paper copies of the exhibits at the time of the Final Pretrial Conference to the Court, and also to opposing counsel, if requested. The binders must bear an extended tab showing the number of the exhibit. An electronic copy of the exhibits shall be provided to the Court's courtroom deputy at the time of the Final Pretrial Conference in a format compatible with JERS as provided in paragraph 21 of this Order.

(b) Each exhibit must show the number of the exhibit. The exhibit list must identify those exhibits the party expects to offer and those the party may offer. Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

(c) Exhibits shall be numbered in a manner that is consistent with paragraphs 6 and 21 of this Order. The parties shall not use the same range of exhibit numbers. Exhibits shall not be duplicated. An exhibit may be used by either of the parties.

(d) <u>Failure to comply with (a) through (c) above may result in the exclusion of an exhibit at trial.</u>

**21. JERS.** The Jury Evidence Recording System (JERS) allows jurors to electronically view the evidence admitted at trial in the jury room during their

11

deliberations. Parties must submit their exhibits in proper form to the Clerk's office no later than one week before trial. The courtroom deputy is responsible for adding exhibits to JERS during trial and will coordinate with the parties at the conclusion of trial to ensure admitted exhibits have been properly entered into the JERS system. Detailed information about how to use JERS, including the proper naming convention and form of exhibits, is found on the Court's website at http://www.mtd.uscourts.gov/ under the heading "Attorneys."

JERS is NOT designed to present evidence in the courtroom. Counsel are responsible for presenting exhibits during trial

**22. Final Pretrial Order.** The parties shall file the proposed Final Pretrial Order and e-mail a copy in Word format to dwm_propord@mtd.uscourts.gov by the date indicated in paragraph 1. Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

**23. Final Pretrial Conference.** Counsel for the parties shall appear before the Court in chambers at Missoula, Montana, for the final pretrial conference on the date and time set forth in paragraph 1. Each party should bring Judge Molloy's copy of its trial exhibits if not already delivered to chambers.

**24. Trial Briefs.** Trial briefs are optional but if filed must be received by the Court by the date indicated in paragraph 1.

**25. Expert Reports.** The parties shall provide the Court with one thumbdrive[2] containing a PDF of the expert reports and Rule 26(a)(2)(C) disclosures for all testifying expert witnesses at or before the final pretrial conference. The PDF shall contain a table of contents with hyperlinks to each individual document. The parties shall also provide a binder containing hard copies of the expert reports and Rule 26(a)(2)(C) disclosures for all testifying expert witnesses. The documents may be duplexed but must be individually tabbed and include a table of contents.

**26. Jury Instructions.**

(a) The parties shall jointly prepare jury instructions upon which they agree (proposed joint instructions). If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions. **No two instructions shall be submitted with the same number.** The parties shall also prepare an agreed upon verdict form with the instructions. If a verdict form cannot be agreed to, each party shall prepare a separate verdict form together with a written statement explaining why they do not agree on a joint verdict form.

(b) <u>Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form</u>: By the date set forth in paragraph 1, any party filing electronically or, if no party is filing electronically, Plaintiff's counsel shall (1) file one working copy of

---

[2] Court policy requires that the thumb drive be brand new and not previously used.

the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, in Word format to dwm_propord@mtd.uscourts.gov. If the documents are filed conventionally, the filing party must deliver them to the Clerk of Court in the Division of venue.

    (c)   <u>Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>: By the date set forth in paragraph 1, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, in Word format to dwm_propord@mtd.uscourts.gov.

    (d)   <u>Conventional Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>: By the date set forth in paragraph 1, each party shall (1) deliver to the Clerk of Court in the Division of venue one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, in Word format to dwm_propord@mtd.uscourts.gov.

**27. Format of Jury Instructions.**

    (a)   The <u>clean copy</u> shall contain:

        (i) a heading reading "Instruction No. ___"; and

        (ii) the text of the instruction.

    (b)    The <u>working copy</u> shall contain:

        (i) a heading reading "Instruction No. \_\_\_";

        (ii) the text of the instruction;

        (iii) the number of the proposed instruction;

        (iv) the legal authority for the instruction; and

        (v) the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

    (c)    Jury instructions shall be prepared in 14-point Times New Roman font.

**28. Settling of Instructions.** The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

**29. Calling Witnesses at Trial.** When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four (4) copies of a single page document, *see* Form I, Local Rules Appendix C, providing the following information about the witness:

    i) the full name and current address of the witness;

    ii) a brief description of the nature and substance of the witness's testimony;

    iii) date witness was deposed or statement taken; and

iv) a listing of each exhibit to which the witness may refer during direct examination.

DATED this 1st day of December, 2023.

_____
Donald W. Molloy, District Judge
United States District Court