Jason M. Collins
Marisa L. Heiling
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
jmcollins@garlington.com
mlheiling@garlington.com

Attorneys for Defendant Sheriff David Wendt

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| CHAD BURTON HILL AND LOUISA BISSETTE, | CV-23-34-BU-DWM |
| Plaintiffs, | |
| v. | DEFENDANT SHERIFF DAVID WENDT'S ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND |
| PAUL BURT, TED CALDWELL, FLYING J RANCH, LLP, BEAVERHEAD COUNTY SHERIFF DAVID WENDT, BEAVERHEAD COUNTY, and DOES 1-10, | |
| Defendants. | |

Defendant Sheriff David Wendt ("Defendant Wendt") by and through his

counsel of record, Garlington, Lohn & Robinson, PLLC, hereby answers Plaintiffs'

DEFENDANT SHERIFF DAVID WENDT'S ANSWER TO FIRST AMENDED COMPLAINT AND
JURY DEMAND                                                                          1
4857-6727-2056

First Amended Complaint and Jury Demand ("FAC") filed June 28, 2023, as follows:

## INTRODUCTION

1.      Answering Paragraph 1, based on information and belief, Defendant Wendt denies Plaintiffs' statements of law and characterization of the claims leveraged against him and avers that the FAC is a written document that speaks for itself.  Defendant Wendt denies any allegations of wrongdoing.

## JURISDICTION AND VENUE

2.       Paragraph 2 contains a conclusion of law, to which no response is required.  To the extent it misstates the law or implies any liability/wrongdoing on the part of Defendant Wendt, it is denied.

3.      Answering Paragraph 3, Defendant Wendt admits that the alleged facts occurred in Beaverhead County, Montana, which is part of the Butte Division of the United States District Court for the District of Montana, Butte Division, making venue proper.

4.       Answering Paragraph 4, Defendant Wendt denies the allegation and affirmatively avers that Plaintiffs' claims against him in his official capacity require compliance with Mont. Code Ann. § 2-9-301.

## THE PARTIES

5.      Answering Paragraph 5, Defendant Wendt lacks sufficient knowledge to form a belief as to such allegations, and therefore denies the same.

6.      Answering Paragraph 6, Defendant Wendt lacks sufficient knowledge to form a belief as to such allegations, and therefore denies the same.

7.      Answering Paragraph 7, Defendant Wendt admits he is a citizen of the State of Montana and the current Beaverhead County Sheriff.  Defendant Wendt denies that at all times relevant to the issues set forth in the FAC he was the Beaverhead County Undersheriff and avers he was a Beaverhead County Sheriff's Deputy.

8.      Answering Paragraph 8, Defendant Wendt admits.

9.      The allegations in Paragraph 9 are directed towards fictitious "Doe" defendants and therefore, no response is required.  To the extent a response is required, Defendant Wendt lacks information and knowledge sufficient to form a belief as to the allegations and therefore denies.

## FACTUAL ALLEGATIONS

10.      Answering Paragraph 10, Defendant Wendt lacks sufficient knowledge to form a belief as to such allegations, and therefore denies the same.

11.      Answering Paragraph 11, Defendant Wendt lacks sufficient

knowledge at this time to form a belief as to such allegations, and therefore denies the same.

12.    Answering Paragraph 12, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

13.    Answering Paragraph 13, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

14.    Answering Paragraph 14, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

15.    Answering Paragraph 15, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

16.     Answering Paragraph 16, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

17.    Answering Paragraph 17, Defendant Wendt admits he shared a residence temporarily with Bill Briggs. The remaining allegations in Paragraph 17

contain conclusions of law that require no response.  To the extent that a response is required, Defendant Wendt denies.

18.      Defendant Wendt lacks sufficient knowledge at this time to form a belief as to the allegations in Paragraph 18 and such allegations contain conclusions of law that require no response.  Defendant Wendt therefore denies, to the extent that a response is required.

19.      Answering Paragraph 19, based on information and belief, Defendant Wendt denies.

20.      Answering Paragraph 20, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

21.      Answering Paragraph 21, Defendant Wendt admits he learned that Hill was licensed to grow marijuana on Kezia Lane in April 2019. Defendant Wendt lacks sufficient knowledge at this time to form a belief as the remaining allegations, and therefore denies the same.

22.       Answering Paragraph 22, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

23.       Answering Paragraph 23, upon information and belief, Defendant

Wendt admits.

24.     Answering Paragraph 24, Defendant Wendt admits he investigated Hill's marijuana grow operation and that he knew Hill was licensed with the state to grow medical marijuana. Defendant Wendt denies the remaining allegations.

25.     Answering Paragraph 25, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

26.     Answering Paragraph 26, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

27.     Answering Paragraph 27, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

28.     Answering Paragraph 28, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

29.     Answering Paragraph 29, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

30.     Answering Paragraph 30, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

31.     Answering Paragraph 31, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

32.     Answering Paragraph 32, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

33.     Answering Paragraph 33, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

34.     Answering Paragraph 34, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

35.     Answering Paragraph 35, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

36.     Answering Paragraph 36, Defendant Wendt lacks sufficient

knowledge at this time to form a belief as to such allegations, and therefore denies the same.

37.     Answering Paragraph 37, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

38.     Answering Paragraph 38, based on information and belief, Defendant Wendt admits.

39.     Answering Paragraph 39, based on information and belief, Defendant Wendt admits Salmonson was licensed to grow his personal medical marijuana at 215 E. Bailey. Defendant Wendt lacks sufficient knowledge at this time to form a belief as to the remaining allegations, and therefore denies the same.

40.     Answering Paragraph 40, Defendant Wendt admits Salmonson was licensed by DPHHS to cultivate four marijuana plants for personal use at 215 E. Bailey and kept an RV at the address.  Defendant Wendt lacks sufficient knowledge at this time to form a belief as to the remaining allegations, and therefore denies.

41.     Answering Paragraph 41, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

42.     Answering Paragraph 42, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

43.     Answering Paragraph 43, Defendant Wendt denies.

44.     Answering Paragraph 44, based on information and belief, Defendant Wendt admits.

45.     Answering Paragraph 45, Defendant Wendt denies.

46.     Answering Paragraph 46, Defendant Wendt denies.

47.     Answering Paragraph 47, Defendant Wendt admits.

48.     Answering Paragraph 48, Defendant Wendt denies.

49.     Answering Paragraph 49, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

50.     Answering Paragraph 50, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

51.     Answering Paragraph 51, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

52.     Answering Paragraph 52, Defendant Wendt denies.

53.      Answering Paragraph 53, Defendant Wendt admits.

54.     Answering Paragraph 54, the allegations in this paragraph contain conclusions of law that require no response.  To the extent that a response is required, Defendant Wendt denies.

55.      Answering Paragraph 55, the allegations in this paragraph contain conclusions of law that require no response.  To the extent that a response is required, Defendant Wendt denies.

56.     Answering Paragraph 56, Defendant Wendt admits that he contacted Vigilante Power Company, which reported a significant increase in power usage in the "last few months."  Defendant Wendt lacks sufficient information and knowledge as to the specific start date of such power usage increase and denies any remaining allegation in the paragraph.

57.     Answering Paragraph 57, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

58.     Answering Paragraph 58, upon information and belief, Defendant Wendt admits.

59.     Answering Paragraph 59, upon information and belief, Defendant Wendt admits.

60.     Answering Paragraph 60, Defendant Wendt denies.

61.     Answering Paragraph 61, upon information and belief, Defendant Wendt denies.

62.     Answering Paragraph 62, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

63.     Answering Paragraph 63, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

64.     Answering Paragraph 64, Defendant Wendt admits he appeared at the Lima town council meeting on April 13, 2020.  Defendant Wendt denies the remaining allegations in this paragraph and avers that the meeting minutes and record speak for itself.

65.     Answering Paragraph 65, Defendant Wendt denies the allegations in this paragraph and avers that the meeting minutes and record speak for itself.

66.     Answering Paragraph 66, upon information and belief, Defendant Wendt admits.

67.     Answering Paragraph 67, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

68.     Answering Paragraph 68, Defendant Wendt admits.

69.     Answering Paragraph 69, Defendant Wendt admits.

70.     Answering Paragraph 70, Defendant Wendt admits.

71.     Answering Paragraph 71, Defendant Wendt admits.

72.     Answering Paragraph 72, upon information and belief, Defendant Wendt admits.

73.     Answering Paragraph 73, Defendant Wendt denies.

74.     Answering Paragraph 74, upon information and belief, Defendant Wendt denies.

75.     Answering Paragraph 75, upon information and belief, Defendant Wendt admits that Salmonson told him that he had been in Seattle, Washington for heart surgery and related complications and while he was in Seattle, Hill tended Salmonson's marijuana plants.  Defendant Wendt lacks sufficient knowledge and information as to the remaining allegations of the paragraph, and therefore denies the same.

76.     Answering Paragraph 76, Defendant Wendt admits, to the extent the

allegations in this paragraph apply to his own observations.  Defendant Wendt

lacks information and knowledge as to the other officers' observations and

impressions, and therefore denies as to the other officers.

77.    Answering Paragraph 77, Defendant Wendt admits.

78.    Answering Paragraph 78, Defendant Wendt admits.

79.    Answering Paragraph 79, upon information and belief, Defendant

Wendt admits Keller told him that Salmonson did have a valid license.  Defendant

Wendt denies all remaining allegations in this paragraph.

80.    Answering Paragraph 80, Defendant Wendt denies.

81.    Answering Paragraph 81, Defendant Wendt admits that the

"suspected marijuana" discovered by officers at 215 E. Bailey weighed an

"unificial [sic] 27 plus pounds."  Defendant Wendt denies remaining allegations

based on lack of information and knowledge if the "suspected marijuana" was the

"marijuana trim in two plastic tote bins."

82.    Answering Paragraph 82, upon information and belief, Defendant

Wendt denies.

83.    Answering Paragraph 83, upon information and belief, Defendant

Wendt denies.

84.    Answering Paragraph 84, Defendant Wendt lacks sufficient

knowledge at this time to form a belief as to such allegations, and therefore denies the same.

85.     Answering Paragraph 85, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

86.     Answering Paragraph 86, Defendant Wendt denies that the execution of a valid search warrant on 215 E. Bailey was an "unlawful raid".  Defendant Wendt lacks sufficient knowledge at this time to form a belief as to the remaining allegations, and therefore denies the same.

87.     Answering Paragraph 87, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

88.     Answering Paragraph 88, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

89.     Answering Paragraph 89, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

90.     Answering Paragraph 90, Defendant Wendt lacks sufficient

knowledge at this time to form a belief as to such allegations, and therefore denies the same.

91.     Answering Paragraph 91, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

92.     Answering Paragraph 92, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

93.     Answering Paragraph 93, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

94.     Answering Paragraph 94, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

95.     Answering Paragraph 95, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

96.     Answering Paragraph 96, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies

the same.

97.    Answering Paragraph 97, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations and such allegations contain conclusions of law, and to the extent a response is required, Defendant Wendt denies.

98.    Answering Paragraph 98, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

99.    Answering Paragraph 99, Defendant Wendt denies.

**COUNT 1 - 42 U.S.C. § 1983**
**Individual Liability Against Defendant Wendt**

100.    Answering Paragraph 100, Defendant Wendt hereby reincorporates and reasserts his answers to the preceding and foregoing paragraphs of this Answer as though fully set forth herein.

101.    Answering Paragraph 101, Defendant Wendt admits.

102.    Answering Paragraph 102, Defendant Wendt admits.

103.    Answering Paragraph 103, Defendant Wendt denies.

104.    Answering Paragraph 104, Defendant Wendt denies.

105.    Answering Paragraph 105, Defendant Wendt denies.

106.    Answering Paragraph 106, Defendant Wendt denies.

## COUNT 2 - 42 U.S.C. § 1983
## Entity Liability Against Defendant Beaverhead County

107.   Answering Paragraph 107, Defendant Wendt hereby reincorporates and reasserts his answers to the preceding and foregoing paragraphs of this Answer as though fully set forth herein.

108.   Paragraph 108 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

109.   Paragraph 109 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

110.   Paragraph 110 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

111.   Paragraph 111 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as

to the truth of the allegations and, therefore, denies.

112.    Paragraph 112 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

## COUNT 3 - VIOLATION OF RIGHTS UNDER MT CONSTITUTION
### Defendant Wendt

113.    Answering Paragraph 113, Defendant Wendt hereby reincorporates and reasserts his answers to the preceding and foregoing paragraphs of this Answer as though fully set forth herein.

114.    Paragraph 113 calls for a conclusion of law, to which no response is required.  To the extent it misstates the law or implies any wrongdoing or liability on Defendant Wendt, Defendant Wendt denies.

115.    Answering Paragraph 115, Defendant Wendt denies.

116.    Paragraph 116 calls for a conclusion of law, to which no response is required.  To the extent it misstates the law or implies any wrongdoing or liability on Defendant Wendt, Defendant Wendt denies.

117.    Answering Paragraph 117, Defendant Wendt denies.

## COUNT 4 – NEGLIGENCE
**Defendant Wendt**

118.    Answering Paragraph 118, Defendant Wendt hereby reincorporates and reasserts his answers to the preceding and foregoing paragraphs of this Answer as though fully set forth herein.

119.    Paragraph 119 calls for a conclusion of law, to which no response is required.  To the extent it misstates the law or implies any wrongdoing or liability on Defendant Wendt, Defendant Wendt denies.

120.    Answering Paragraph 120, Defendant Wendt denies.

121.    Answering Paragraph 121, Defendant Wendt denies.

## COUNT 5 – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**Defendants Wendt, Caldwell, Flying J, Burt**

122.    Answering Paragraph 122, Defendant Wendt hereby reincorporates and reasserts his answers to the preceding and foregoing paragraphs of this Answer as though fully set forth herein.

123.    Answering Paragraph 123, Defendant Wendt denies as to the allegations against him.  The remaining allegations are made against Defendants other than Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

124.    Answering Paragraph 124, Defendant Wendt denies as to the allegations against him.  The remaining allegations are made against Defendants other than Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

125.   Answering Paragraph 125, Defendant Wendt lacks sufficient knowledge at this time to form a belief as to such allegations, and therefore denies the same.

126.    Answering Paragraph 126, Defendant Wendt denies as to the allegations against him.  The remaining allegations are made against Defendants other than Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

127.    Answering Paragraph 127, Defendant Wendt denies as to the allegations against him.  The remaining allegations are made against Defendants other than Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

## COUNT 6 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Defendants Wendt, Flying J, Burt, Caldwell

128.   Answering Paragraph 128, Defendant Wendt hereby reincorporates and reasserts his answers to the preceding and foregoing paragraphs of this Answer as though fully set forth herein.

129.   Answering Paragraph 129, Defendant Wendt denies as to the allegations against him.  The remaining allegations are made against Defendants other than Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

130.   Answering Paragraph 130, Defendant Wendt denies as to the allegations against him.  The remaining allegations are made against Defendants other than Wendt and therefore no response from Defendant Wendt is required. To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

131.   Answering Paragraph 131, Defendant Wendt denies as to the allegations against him.  The remaining allegations are made against Defendants other than Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

## COUNT 7 – BREACH OF CONTRACT
## Defendants Burt, Caldwell, and Flying J

132.    Answering Paragraph 132 Defendant Wendt hereby reincorporates and reasserts his answers to the preceding and foregoing paragraphs of this Answer as though fully set forth herein.

133.    Paragraph 133 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

134.    Paragraph 134 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

135.    Paragraph 135 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

136.    Paragraph 136 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as

to the truth of the allegations and, therefore, denies.

137.   Paragraph 137 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

138.   Paragraph 138 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

139.   Paragraph 139 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

140.   Paragraph 140 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

141.   Paragraph 141 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response

is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

142.   Paragraph 142 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

## COUNT 8 – CONSPIRACY
### Defendants Burt, Wendt, Caldwell

143.   Answering Paragraph 143, Defendant Wendt hereby reincorporates and reasserts his answers to the preceding and foregoing paragraphs of this Answer as though fully set forth herein.

144.   Answering Paragraph 144, Defendant Wendt denies as to the allegations against him.  The remaining allegations are made against Defendants other than Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

145.   Answering Paragraph 145, Defendant Wendt denies as to the allegations against him.  The remaining allegations are made against Defendants other than Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient

information to form a belief as to the truth of the allegations and, therefore, denies.

146.   Answering Paragraph 146, Defendant Wendt denies.

147.   Answering Paragraph 147, Defendant Wendt denies as to the allegations against him.  The remaining allegations are made against Defendants other than Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

148.   Answering Paragraph 148, Defendant Wendt denies as to the allegations against him.  The remaining allegations are made against Defendants other than Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

## COUNT 9 – DEFAMATION
### Defendants Burt and Caldwell

149.   Answering Paragraph 149, Defendant Wendt hereby reincorporates and reasserts his answers to the preceding and foregoing paragraphs of this Answer as though fully set forth herein.

150.   Paragraph 150 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as

to the truth of the allegations and, therefore, denies.

151.   Paragraph 151 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

152.   Paragraph 152 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

153.   Paragraph 153 makes no allegations against Defendant Wendt and therefore no response from Defendant Wendt is required.  To the extent a response is required, Defendant Wendt is without sufficient information to form a belief as to the truth of the allegations and, therefore, denies.

## COMPENSATORY DAMAGES

154.   Answering Paragraph 154, Defendant Wendt denies as to the allegations against him.

155.   Answering Paragraph 155, Defendant Wendt denies as to the allegations against him.

## EXPECTANCY DAMAGES

156.   Answering Paragraph 156, Defendant Wendt denies as to the allegations against him.

## PUNITIVE DAMAGES

157.   Answering Paragraph 157, Defendant Wendt hereby reincorporates and reasserts his answers to the preceding and foregoing paragraphs of this Answer as though fully set forth herein.

158.   Answering Paragraph 158, Defendant Wendt denies as to the allegations against him.

159.   Answering Paragraph 159, Defendant Wendt denies as to the allegations against him.

160.   Answering Paragraph 160, Defendant Wendt denies as to the allegations against him.

161.   Answering Paragraph 161, Defendant Wendt denies as to the allegations against him.

162.   Answering Paragraph 162, Defendant Wendt denies as to the allegations against him.

## ATTORNEY FEES

163.   Paragraph 163 calls for a conclusion of law, to which no response is

required.  To the extent it misstates the law or implies any wrongdoing or liability on Defendant Wendt, Defendant Wendt denies.

164.    Paragraph 164 calls for a conclusion of law, to which no response is required.  To the extent it misstates the law or implies any wrongdoing or liability on Defendant Wendt, Defendant Wendt denies.

165.    Defendant Wendt denies each and every allegation not specifically admitted.

## PLAINTIFFS' PRAYER FOR RELIEF

The remainder of Plaintiffs' FAC is a Prayer for Relief.  Defendant Wendt denies that Plaintiffs are entitled to relief from Defendant Wendt.

## AFFIRMATIVE DEFENSES

Defendant Wendt hereby interposes the following Affirmative Defenses to the allegations of the FAC.  At the time of filing this Answer, Defendant Wendt is not certain what affirmative defenses may be applicable should this case go to trial. Discovery in this case, trial preparation, and facts brought out during discovery may make some of the affirmative defenses applicable and others not, and thus, they are raised in this Answer so as not to be waived by Defendant Wendt.  At the appropriate time, Defendant Wendt will dismiss any affirmative defenses which do not appear to be reasonably supported by the facts and the law (if any).  The

purpose of raising these affirmative defenses is not to create defenses where none exist, but rather, to recognize that the pleadings, discovery, and trial preparations necessitate an examination and evaluation of evolving facts and law, and the decision maker should have available for consideration all defenses which may apply.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' FAC fails to state a claim against Defendant Wendt upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or abrogated by the doctrines of laches, waiver, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrine of res judicata, claim preclusion, and/or issue preclusion.

### FOURTH AFFIRMATIVE DEFENSE

Defendant Wendt is not subject to punitive damages and is entitled to immunity with respect to liability and damages.

### FIFTH AFFIRMATIVE DEFENSE

The actions, inactions, or liabilities of other individuals are incorrectly

attributed to Defendant Wendt.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are in whole or in part the result of the actions of Plaintiffs, preexisting conditions, or superseding intervening causes, and Defendant Wendt is entitled therefore to the offset of such damages, and Plaintiffs' claims as alleged are outside the proximate causal chain linked to acts of Defendant Wendt.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of injury in relation to the commission of a felony.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims in the FAC are moot.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have unclean hands and are not entitled to recovery thereby.

## TENTH AFFIRMATIVE DEFENSE

At all relevant times and for each allegation in the FAC, Defendant Wendt acted within the course and scope of his duties as a law enforcement officer for Beaverhead County.  Plaintiffs' claims against Defendant Wendt are barred by any recovery they make or have made against a governmental entity under § 2-9-305, MCA, barred because he at all times acted within the course and scope of his

duties under § 2-9-305, barred by other provisions of § 2-9-305, barred by his entitlement to the doctrine of qualified immunity, and barred by immunity under common law and other statutes.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant Wendt acted in accordance with applicable federal and state laws, including, but not limited to, the U.S. Constitution and 42 U.S.C. § 1983, the Montana Constitution, and state and national policies and guidelines, and so was not deliberately indifferent and did not act with malice or deliberate indifference to Plaintiffs' rights.

## TWELFTH AFFIRMATIVE DEFENSE

The extent of damages and injuries claimed by Plaintiffs, if any, are not as great as claimed and were not in any case caused by Defendant Wendt.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any and all damages purportedly sustained by Plaintiffs were the result of their contributory negligence, or unforeseeable, superseding, contributing, independent, or intervening causes, all of which were acts, conduct, fault, negligence, breach of duty, or misconduct of persons, entities, or natural events other than by Defendant Wendt.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant Wendt acted without malice and otherwise did not engage in conduct that would warrant the imposition of punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant Wendt's actions were reasonable given the circumstances.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by applicable statutes of limitation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by illegality of their stock and trade.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their noncompliance with Montana Code Annotated § 2-9-301.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by payment, release, contribution, accord and satisfaction, or award, and they are not entitled to double recovery.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the public duty doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any recovery by Plaintiffs is subject to offset for any payments made to Plaintiffs by collateral sources.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs cannot sustain a claim for infliction of emotional distress.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To avoid waiver of any defenses following reasonable investigation and discovery, Defendant Wendt incorporates here all affirmative defenses enumerated in the Federal Rules of Civil Procedure.

## DEFENDANT WENDT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' FAC, Defendant Wendt prays for the following relief:

1. That judgment be entered in his favor;

2. That Plaintiffs' FAC be dismissed with prejudice;

3. That Plaintiffs take nothing by their FAC;

4. That the Court award Defendant Wendt fees, cost of suit, and reasonable attorneys' fees; and

5. That the Court award other such relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant Wendt respectfully demands a trial by jury on issues so triable.

DATED this 5th day of January, 2024.

        /s/  Marisa L. Heiling
        Attorneys for Defendant Sheriff David Wendt