
Jason M. Collins
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
jmcollins@garlington.com

Attorneys for Defendant Sheriff David Wendt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CHAD BURTON HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAUL BURT, TED CALDWELL, FLYING J RANCH, LLP, BEAVERHEAD COUNTY SHERIFF DAVID WENDT, and DOES 1-10,<br><br>　　　　Defendants. | CV-23-34-BU-DWM<br><br><br>DEFENDANT WENDT'S BRIEF OPPOSING PLAINTIFF' MOTION FOR EXTENSION |

　　　　Defendant, Beaverhead County Sheriff David Wendt, here responds to Plaintiff Chad Hill's Motion for Extension, filed May 3, 2024.  Hill's Motion should be denied because he lacks the necessary good cause to stay all proceedings indefinitely while he looks for new counsel to replace the attorney who withdrew from his case on April 19.

4885-8027-8716                                                                                                                         1

## I.  Procedural Background

By stipulated agreement filed on October 26, 2023, the parties set May 3, 2024, as the date for Plaintiffs and Defendants in this matter to simultaneously disclose testifying liability experts under Rule 26.  (Doc. 19.)  Plaintiffs' counsel notified all defendants on April 16, 2024, that he would be withdrawing from this case and that Plaintiff Bissette would dismiss all her claims with prejudice, and leave Chad Hill as the sole remaining plaintiff, who would proceed pro se.  Ex. A: Email from T. Bechtold to P. Ivins & J. Collins, RE: Hill Discovery (Apr. 16, 2024).  On April 18, 2024, Plaintiff Lousia Bissette voluntarily moved to dismiss all of her claims in this matter with prejudice.  (Doc. 33.)  On April 19, 2024, Plaintiffs' counsel moved to withdraw as counsel in the matter.  (Doc. 34.)  On May 3, 2024, the date expert disclosures were due, Plaintiff Hill filed a "Motion for Extension" in which he seeks to stay all deadlines in these proceedings until such time as he is able to procure counsel.  (Doc. 40 at 2.)  Hill did not disclose a testifying expert under Rule 26 on May 3.

## II.  Standard of Review

Courts should construe pro se pleadings liberally in a pro se litigant's favor, "but there are limits to what a court must do to accommodate a party appearing pro se."  *United States v. Rhodes*, No. CV 21-110-M-DLC, 2024 U.S. Dist. LEXIS 18213, at *2 (D. Mont. Jan. 31, 2024); *Washington v. Kijakazi*, 72 F.4th 1029,

1040 (9th Cir. 2023).  Pro se litigants are in any case required to follow the Federal Rules of Civil Procedure and the local rules of court.  *Rhodes*, 2024 U.S. Dist. LEXIS 18213, at *2; L. R. 83.8(a).

The rules of civil procedure govern all civil actions.  All civil litigation parties should construe, administer, and employ the rules of civil procedure to ensure "the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

### III.   Analysis

**A.   Hill's Motion should be denied because he has not articulated any good cause to indefinitely delay this litigation, nor shown any diligence in meeting deadlines or procuring new counsel.**

Even liberally construing the petition in his favor, Hill's Motion filed on May 3, 2024, should be denied for lack of good cause.  Hill's Motion moves the Court to pause "the proceedings to all time to find new representations, if possible[.]" (cleaned up).  (Doc. 40 at 2.)  So, Hill's Motion does not request an extension of a deadline set by the Rules of Civil Procedure and would, if granted, stay all proceedings in the case for an indeterminate time, upending the deadlines established in the parties' Joint Discovery Plan filed on October 26, 2023.  Hill's Motion is thus subject to Fed R. Civ. P. 16 as a motion to amend the schedule.  *Rhodes*, 2024 U.S. Dist. LEXIS 18213, at *3.

Under Rule 16, a civil litigation schedule may be modified only for good cause. *Id*. "'Good cause' means that a party cannot meet scheduling deadlines despite the party's diligence." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). In determining whether good cause to modify the schedule exists, courts focus on the movant's reasons for seeking the schedule modification. *Rhodes*, 2024 U.S. Dist. LEXIS 18213, at 4. Carelessness cannot demonstrate diligence nor be grounds for relief, and "if the moving party 'was not diligent, the inquiry should end.'" *Id* (quoting *Johnson*, 975 F.2d at 609).

Here, Hill has not alleged or shown an inability to meet scheduling deadlines nor demonstrated any diligence in seeking new counsel. Indeed, he has not alleged he sought to retain any other attorney in the past 19 days and provided no evidence of doing so. Hill's former counsel emailed Defendants' counsel on April 16, 2024, that he would be withdrawing; but assumingly, Hill learned that information *before* his counsel shared the news with opposing counsel. Hill has thus had significant time to find new counsel before filing this Motion. Yet he did not move the Court for a stay of proceedings until key litigation events occurred and a key deadline accrued: (1) Defendant Wendt served Hill an initial set of Discovery Requests on May 1, 2024; (2) Defendants Burt, Caldwell, and Flying J served Hill on May 2, 2024, with a second set of discovery requests together with a meet and confer letter

4885-8027-8716                                                                                                              4

explaining how Hill's prior responses and production of documents were inadequate; (3) on May 2, 2024, Defendants Burt, Caldwell, and Flying J noticed the depositions of Bissette and Hill for June 12 and 13, respectively; and (4) the agreed-upon date under Doc. 19 for simultaneous liability expert disclosures came about, which was May 3, 2024—the same date Hill filed this Motion now at bar.

Hill has not provided the Court with good cause to amend the schedule by an indefinite stay of proceedings. Instead of demonstrating that he has diligently attempted to meet deadlines and procure new counsel, he premised his Motion in part on allegations of threats from counsel that he will be "re-prosecuted." Yet Wendt has corresponded directly with Hill as a pro se plaintiff only to serve him initial discovery requests. Logically, since these discovery requests are the only communication Hill has had from Wendt's counsel after becoming a pro se plaintiff, Hill must be referencing these discovery requests as that which is "threaten[ing] to re-prosecute my co-plaintiff and I." (Doc. 40 at 1.)

In doing so, Hill misunderstands the nature of this litigation and misrepresents the correspondence of Wendt. Hill is the plaintiff who is prosecuting claims against Wendt whereas Wendt is mustering a defense and has brought no counterclaims against Hill. There has thus been no prosecution of any kind against Hill in these proceedings. Moreover, the undersigned is Wendt's only attorney in this matter or any other, who in good faith is at a loss to understand

4885-8027-8716                                                                                                                5

how the discovery requests could be construed by Hill as threats to re-prosecute him or Ms. Bissette. Wendt's discovery requests comply with the Rules of Civil Procedure and are tailored to Hill's factual allegations and legal theories of recovery. Ex. B: Def. Sheriff D. Wendt's 1st Disc. Req. Pl., Mar 1, 2024.[1] If Hill objects to them, he must, even as a pro se plaintiff, follow the rules to register his objections rather than filing a Motion to stay all proceedings. Hill has not, however, objected or sought to meet and confer regarding any discovery requests prior to this Motion. Hill's failure to appropriately address his objections under the rules does not demonstrate the diligence required for good cause to amend the litigation schedule by staying these proceedings.

Hill also calls the Court's attention to the equally anodyne use of "the deposition process to obtain evidence against us[.]" (Doc. 40 at 1.) The "deposition process" which Hill deplores is a long-established means of discovery governed by Fed. R. Civ. P. 26-32, which Hill must obey, even as a pro se litigant. Although Hill alleges Wendt has a corrupt motive for setting these depositions, he offers the Court no evidence in support. Wendt objects to this dispensable characterization because his only motive is to defend himself from the allegations and claims of Hill. Hill's unhappiness with the rules regarding depositions does

---

[1] Wendt respectfully does not wish to bring a discovery dispute before the Court and provides these requests only as evidence that they do not threaten Hill.

not show he has been diligent in attempting to meet deadlines or procure a new attorney, and so is not good cause to stay these proceedings.

Indeed, Wendt's participation in the depositions of Hill and Bissette[2] is a reasonable litigation defense objective. Although Ms. Bissette is no longer a party to this suit, she is nevertheless a witness subject to being deposed as a person known to have discoverable information, which Hill's initial disclosures and pretrial statement both affirm. Ex. C: Pl.'s Initial Discl. 1, Mar. 8, 2024.; (Doc. 23 at 7). The setting of depositions for Hill and Ms. Bissette was done pursuant to the Rules of Civil Procedure and thus is fair and reasonable, the former being a party and the latter a witness admitted by the party to have relevant information for the case. Ex. D: 2nd Am. Not. Dep. C. Hill & L. Bissette, May 2, 2024. As he is the plaintiff in this matter, the mere setting of these depositions provides Hill no grounds to complain and affords him no good cause to stay the litigation schedule.

Hill's Motion also contains notable misdirection that should be given no weight in a good cause inquiry. Specifically, Hill alleges that Wendt's threats of re-prosecution and corrupt use of the deposition process caused Plaintiff Bissette and Plaintiffs' counsel to withdraw from this case. Hill's claim is belied by the record. No depositions have been taken in this case and the deposition notices did

---

[2] Wendt plans to participate in these depositions, but he was not the party who noticed them.

not issue until May 2, 2024,[3] weeks after the withdrawal of Bissette and counsel. The deposition process thus could not have caused the withdrawals of Bissette and counsel. Neither could Wendt's discovery requests have caused the withdrawal of Bissette and counsel: Like for the deposition notices, Wendt did not issue discovery requests until after Ms. Bissette and her counsel withdrew—a fact Hill surely knew when he filed this Motion. Hill's misstatements cannot provide good cause to stay these proceedings and do not reflect any diligence in meeting deadlines or procuring counsel.

## IV. Conclusion

Premised on untrue allegations and a transparent reluctance to participate in discovery or meet long-established deadlines, Hill's Motion lacks any worthwhile reason to modify the schedule and provides no allegation or evidence of good cause—a showing of diligence in complying with deadlines and in seeking new counsel prior to filing his motion to amend the schedule of this case. Without evidence of attempting to hire new counsel or meet existing deadlines, Hill has allowed looming deadlines and the issue of his self-representation to linger unattended. His neglect does not equate with diligence and cannot be the basis for

---

[3] While plaintiffs were represented by counsel, their depositions had been set for April 23 and 24 by notices sent on March 27. Those notices were voluntarily withdrawn on April 11, 2024, due to scheduling and discovery issues among the parties' counsel.

4885-8027-8716                                                                 8

the relief he seeks. *Rhodes*, 2024 U.S. Dist. LEXIS 18213, at *4. As the Court reasoned in *Rhodes*, Hill's lack of diligence should end the good cause inquiry. *Id*. The Defendants merit a just and speedy determination of Hill's claims against them. Fed. R. Civ. P. 1. If granted, Hill's Motion would deprive Defendants of a just and speedy determination for no good cause. Wendt therefore respectfully moves the Court to deny Hill's Motion and grant any such other relief the Court deems just.

DATED this 7th day of May, 2024.

/s/ Jason M. Collins
Garlington, Lohn & Robinson, PLLP
Attorneys for Defendant Sheriff David Wendt