Jason M. Collins
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Phone (406) 523-2500
Fax (406) 523-2595

jmcollins@garlington.com

Attorneys for Defendant Sheriff David Wendt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CHAD BURTON HILL,<br><br>  Plaintiffs,<br><br>  v.<br><br>PAUL BURT, TED CALDWELL, FLYING J RANCH, LLP, BEAVERHEAD COUNTY SHERIFF DAVID WENDT, and DOES 1-10,<br><br>  Defendants. | CV-23-34-BU-DWM<br><br><br>**DEFENDANT SHERIFF DAVID WENDT'S FIRST DISCOVERY REQUESTS TO PLAINTIFF** |

Defendant, David Wendt, by and through counsel, and in accordance with Montana Rules of Civil Procedure 26, 33, and 34 requests the Plaintiff to answer the following Interrogatories, and Requests for Production, in writing and under oath, within thirty (30) days after receipt thereof and pursuant to Montana Rule of

DEFENDANT SHERIFF DAVID WENDT'S FIRST
DISCOVERY REQUESTS TO PLAINTIFF                                                                                               1
4867-1705-3621

Civil Procedure 34(a), to produce within thirty (30) days for examination and inspection by the Defendant at the offices of Garlington, Lohn & Robinson, PLLP, 350 Ryman Street, Missoula, Montana, the items described in the following Requests for Production. Amended or supplemental answers to said Interrogatories, and Requests for Production should be served and filed at any later date as required by Montana Rule of Civil Procedure 26(e).

In answering these discovery requests, you are required to furnish all information available to you, not merely information which you know of your own personal knowledge. This includes any information in the possession of any agent, investigator, or attorney of Plaintiff.

The term "document" includes any digital, written, recorded, or graphic material that is in your possession, custody or control, whether preserved on paper, on computer, e-mail, or in any other electronic form or in any other method of storage whatsoever.

In the event you cannot answer a discovery request in full after exercising due diligence to secure the requested information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you do have, and identifying any person you believe may have knowledge or information concerning the unanswered portion.

DEFENDANT SHERIFF DAVID WENDT'S FIRST
DISCOVERY REQUESTS TO PLAINTIFF                                                                          2
4867-1705-3621

Please be advised that all documents related to this matter, including data stored electronically, <u>MUST BE PRESERVED AND MUST NOT BE DESTROYED</u> until this matter is resolved.  This includes paper files and electronically stored information including, without limitation, e-mail, instant messenger messages, calendars, correspondence, presentations, notes, draft documents, and voicemail messages that may be stored in offices, shared file cabinets, and off-site locations, on laptops, home computers, smart phones, personal digital assistants, server files and removable media.

Further, this covers documents and other information that exist today or that you create in the future.

## DEFINITIONS

1. "You" means plaintiff Chad Hill.

**INTERROGATORY NO. 1**:  Identify and describe with specificity the attorneys' fees you have incurred through the entirety of this suit, including a description of the services rendered, time spent, rate billed by your attorneys, date work was done, and dates you were invoiced for the same.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 1**:  Please produce all documents which support or are relevant to your Answer to the preceding Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 2**:  Identify each of your employers and occupations for the previous seven years, noting the timespan relevant to each employer, your rate of pay, and explaining your reason for leaving each, respectively.

**ANSWER:**

**INTERROGATORY NO. 3**:  If you contend any of your damages include physical injury or mental stress or anguish, or emotional distress, describe each such symptom suffered, each injury, each stress, and each damage with specificity, including how physically manifested in your body, and explain how each was caused by an act of Deputy Wendt.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 2**:  Provide each and every document and thing, including electronically stored information, in your possession or control which you contend supports your damage allegations in the Complaint; and if you contend any of your damages include physical injury or mental stress or anguish, or emotional distress, also provide medical records from the past seven years for all health providers who have treated you, which include but are not limited to, physicians, physician assistants, nurse practitioners,

therapists, psychologists, psychiatrists, counselors, social workers, registered nurses, and healers not traditionally associated with Western medicine.

**RESPONSE:**

**INTERROGATORY NO. 4**: Describe your education, including all degrees and certificates awarded, and each institution attended from present day, going back to high school, if attended.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 3**: Please produce true and correct copies of all written or recorded statements of any/all individuals taken in this case in your possession, custody, or control.

**RESPONSE:**

**INTERROGATORY NO. 5**: Please provide an itemized and detailed statement of each component of special damages, general damages, and punitive damages you claim as a result of the allegations against Wendt, as set forth in the First Amended Complaint, explaining the basis for the computation of each figure, how you arrived at each of the amounts you are claiming, and how such damages were caused by an act of Wendt.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 4**: Please produce all documents which support or are relevant to your Answer to the preceding Interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 6**: Please identify the address or place where you started your grow operation again in July 2019, as alleged in ¶ 25 of your First Amended Complaint.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 5**: Please produce all documents which support or are relevant to your Answer to the preceding Interrogatory, including the license or permit allowing you to establish your grow operation at that location.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Please produce your state and federal tax returns from 2015 to present.

**RESPONSE:**

**INTERROGATORY NO. 7**: Please state the date you received approval or permission from the state of Montana to grow marijuana or maintain marijuana plants at, around, or near 215 E. Bailey.

**ANSWER**:

DEFENDANT SHERIFF DAVID WENDT'S FIRST
DISCOVERY REQUESTS TO PLAINTIFF                                              6
4867-1705-3621

**REQUEST FOR PRODUCTION NO. 7**:  Please produce all documents which support or are relevant to your Answer to the preceding Interrogatory, including any license or permit allowing you to establish a marijuana grow operation or maintain marijuana plants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**:  Please produce all documents which relate to the permission you gave to Lee Salmonsen to grow marijuana at, near, or around 215 E. Bailey.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**:  Please produce all documents which relate to Lee Salmonson's license to grow marijuana at 215 E. Bailey as alleged in ¶ 67 of your First Amended Complaint.

**RESPONSE:**

**INTERROGATORY NO. 8**:  Please identify and describe with specificity the legal and factual basis for your contention that "going through dispatch channels . . . is required when pursuing information" as alleged in ¶ 54 of your Complaint, being sure to identify when answering what information you allege was protected by HIPAA and identifying the alleged covered entity under HIPAA.

**ANSWER**:

**INTERROGATORY NO. 9**:  Please identify and describe with specificity the legal and factual basis for your contention that the basis for the search warrant at 215 E. Bailey was undermined by Salmonsen's license to grow marijuana.

**ANSWER**:

**INTERROGATORY NO. 10**:  Please identify and describe with specificity the legal and factual basis for your contention that the 27lbs of marijuana trim discovered during the search at 215 E. Bailey belonged to Lee Salmonson.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 10**:  Please produce all documents which relate to your responses to the preceding three interrogatories.

**RESPONSE:**

**INTERROGATORY NO. 11**:  Please identify and describe with specificity the legal and factual basis for your contention that the search of 215 E. Bailey was unlawful, as alleged in your First Amended Complaint, being sure to identify any infirmity of fact or law that affected Wendt's procurement of the search warrant executed by Justice of the Peace Hoerning for that purpose.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 11**: Please produce all documents which relate to your response to the preceding interrogatory.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**: Please produce all documents related to your efforts during your criminal trial to suppress the result of the search performed at 215 E. Bailey by Wendt and other deputies of Beaverhead County.

**RESPONSE:**

**INTERROGATORY NO. 12**: Please identify and describe with specificity the potential earnings you believe were "detrimentally compromised" or lost due to the actions of Wendt, being sure to fully explain, identify, and describe the business venture(s), employment opportunity, or lost profits you allege to have suffered.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 13**: Please produce all documents which relate to your responses to the preceding interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 13**: Please identify and describe with specificity each way in which your quality of life has deteriorated as alleged in your First

Amended Complaint, being sure to specifically describe how such deterioration was actually and proximately caused by Wendt.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 14**: Please produce all documents which relate to your responses to the preceding interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 14**: Please identify and describe with specificity and detail each act of unlawful or wrongful conduct you contend Wendt undertook as alleged in your First Amended Complaint.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 15**: Please produce all documents which relate to your responses to the preceding interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 15**: Please identify and describe with specificity the malice and forethought you believe Wendt possessed relative to the allegations of your First Amended Complaint, being sure to explain the motivation you believe he possessed to act maliciously toward you and how you are aware of such malice and forethought he is alleged to have had.

**REQUEST FOR PRODUCTION NO. 16**:  Please produce all documents which relate to your responses to the preceding interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 16**:  Please identify and describe with specificity the factual basis for Count 1 of your First Amended Complaint, including the factual basis for your contention that the search of 215 E. Bailey was unreasonable, the seizure of 27lbs of marijuana trim was unreasonable, and that you were unreasonably detained, arrested, imprisoned, and convicted.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 17**:  Please produce all documents which relate to your responses to the preceding interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 17**:  Please identify and describe, in detail, the factual basis for Count 3 of your First Amended Complaint and identify each fact, witness and document supporting your claim.

**ANSWER**:

**INTERROGATORY NO. 18**:  Please identify and describe, in detail, the factual basis for Count 4 of your First Amended Complaint and identify each fact,

witness and document supporting your claim, including any standard of care you allege was breached and the factual basis for your claim such was breached.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 18**:  Please produce all documents which relate to your responses to the preceding interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 19**:  Please identify and describe with specificity the factual basis for Count 6 of your Complaint as related to Wendt and identify each fact, witness and document supporting your claim, including the intentional acts and omissions of Wendt you contend caused you to suffer severe or serious emotional distress, any physical manifestations of the alleged emotional distress, and identify any physicians, psychologists, psychiatrists, mental health counselors or other providers or advisors you have treated or consulted with regarding your alleged emotional distress.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 19**:  Please produce all documents which relate to your responses to the preceding interrogatory.

**RESPONSE:**

**INTERROGATORY NO. 20**:  Please identify and describe, in detail, the factual basis for Count 8 of your First Amended Complaint and identify each fact, witness and document supporting your claim.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 20**:  Please produce all documents which relate to your responses to the preceding interrogatory.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 1**:  Please admit David Wendt was a deputy during the events alleged in your First Amended Complaint.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 2**:  Please admit Chad Hill is a convicted felon.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 3**:  Please admit you once grew marijuana in Kidd, Montana.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 4**:  Please admit your marijuana grow operation in Kidd, Montana had approximately 150 plants associated with it.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 5**:  Please admit Richard Reyes and his assistant installed wiring for grow lights in the Quonset hut at 215 E. Bailey.

**RESPONSE**:

**REQUEST FOR ADMISSION NO. 6**:  Please admit that on April 20, 2020, you were not licensed nor permitted by the state of Montana to possess 27lbs of marijuana or marijuana product.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7**:  Please admit that adjusting $CO_2$ usage, changing light direction, and adjustment of timers are activities employed during an active marijuana grow and not necessary if plants are not present.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8**:  Please admit that a "Mother" is a term in the Marijuana-growing industry for clones or clone-ready plants which are meant to reproduce genetic traits into subsequent generations of Marijuana plants during a grow operation.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9**:  Please admit that the spraying of plants, either with water, pesticide, or any other liquids is an activity performed in Marijuana-growing operations only when plants are present.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10**:  Please admit that transplanting and cloning are activities performed during an active Marijuana-growing operation, and not needed when there are no plants present.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11**:  Please admit that Chad Hill is not married.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12**:  Please admit that materials for watering, fertilizing, containers for growing plants, medium or soil for growing plants, grow lights, fans, timers, and materials for packaging and processing, are regularly used for commercial indoor growing of Marijuana.

**RESPONSE:**

**INTERROGATORY NO. 21**:  If your response to any Request for Admission above is anything other than an unqualified admission, please explain with particularity the factual basis for your response.

**ANSWER**:

**REQUEST FOR PRODUCTION NO. 21**:  Please produce all documents which support or are relevant to your Answer to the preceding Interrogatory.

**RESPONSE:**

DATED this 1st day of May, 2024.

        Attorneys for Defendant Sheriff David Wendt:

        GARLINGTON, LOHN & ROBINSON, PLLP

By _____
     Jason M. Collins

CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2024, a copy of the foregoing document was served on the following persons by the following means:

|         |                                        |
|---------|----------------------------------------|
|         | Hand Delivery                          |
|    1    | Mail                                   |
|         | Overnight Delivery Service             |
|         | Fax (include fax number in address)    |
|    1    | E-Mail (include email in address)      |

1. Chad Hill
   P. O. Box 240080
   Dell, MT 59724
   chad@idahofishingoutfitters.com
   *Plaintiff – Pro Se*

2. Peter B. Ivins
   Nicholas John Pagnotta
   Williams Law Firm
   P.O. Box 9440
   Missoula MT 59807-9440
   Peter@wmslaw.com
   nick@wmwslaw.com
   *Attorneys for Defendants, Paul, Burt Ted Caldwell and Flying J Ranch*

3. Jennifer Morgan
   MACo - County Litigation Group
   2715 Skyway Drive
   P.O. Box 6697
   Helena, MT 59601
   jmorgan@mtcounties.org
   *Attorneys for Beaverhead County*

4. Mitchell A. Young
   Montana Association of Counties
   2715 Skyway Drive
   Helena, MT 59601
   myoung@mtcounties.org
   *Attorneys for Beaverhead County*

_____
Elizabeth McQuist (signature)