Williams Law Firm, P.C.
Nicholas J. Pagnotta, Esq.
Peter B. Ivins, Esq.
235 E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350
nick@wmslaw.com
peter@wmslaw.com
wlfmail@wmslaw.com
*Attorneys for Paul Burt, Ted Caldwell,*
*and Flying J Ranch, LLP*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| CHAD BURTON HILL, | CV-23-34-DWM |
| Plaintiff, | DEFENDANTS PAUL BURT, TED CALDWELL, AND FLYING J RANCH'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION |
| -vs- | |
| DAVID WENDT, PAUL BURT, TED CALDWELL, FLYING J RANCH, LLP, BEAVERHEAD COUNTY, and DOES 1-10, | |
| Defendants. | |

Defendants Paul Burt, Ted Caldwell, and Flying J Ranch ("Flying J Defendants") respectfully submit this Brief in Opposition[1] to Plaintiff's Motion for Extension (Doc. 40) filed May 3, 2024. Plaintiff Chad Hill has not established good

---

[1] Plaintiff did not contact Flying J Defendants' counsel to ask whether we object to this motion. Local Rule 7.1(c)(1).

cause for an indefinite stay, which would presumably require vacating the current scheduling order and deadlines. Because he consented to his attorney withdrawing, Mr. Hill should not be allowed an indefinite amount of time to find and retain a new attorney. Such a stay would prejudice Defendants, who have a significant interest in a timely resolution of this case. Mr. Hill's motion should be denied.

## I.   BACKGROUND

Flying J Defendants adopt the arguments and authorities set forth in Defendant Wendt's Brief Opposing Plaintiff's Motion for Extension (Doc. 41) and incorporate the same by reference here.

Moreover, counsel for Flying J Defendants served discovery on Plaintiffs on February 14, 2024. While Plaintiffs responded to discovery on March 13, 2024, Mr. Hill has still not produced any documents supporting his claims. (*See* **Exh. A**, May 2, 2024 Letter to Hill, at p. 3–5, (Seeking supplementation of RFP Nos. 3, 6, 10, 11).) Defendants have not received any medical records or other documents supporting his claims of emotional distress and/or lost business income.

On April 2, 2024, Flying J Defendants noticed the depositions of Mr. Hill and former Plaintiff, Louisa Bissette, for April 23–24, 2024. (**Exh**. **B**, April 2, 2024, Amd. Ntc. of Depos.) These dates were agreed upon between counsel for Plaintiffs and Defendants. (**Exh. C**, April 1, 2024, Emails of Counsel.) On April 10, 2024, the depositions were postponed due, in part, to Plaintiffs' failure to produce any

substantive documents in discovery. Just a few days later, on April 16, 2024, Plaintiffs' counsel notified Defendants that he would be withdrawing, and Plaintiff Bissette would be dismissing her claims with prejudice. (*See* Ex. A to Doc. 41.) Plaintiffs' counsel withdrew on April 19, 2024. (Doc. 34.)

On May 2, 2024, counsel for Flying J Defendants sent correspondence to Plaintiff with a notice for his deposition on June 13, 2024, and a Rule 45 subpoena for Ms. Bissette's deposition on June 12, 2024. (**Exh. A**, May 2, 2024 Letter to Plaintiff; (*see also* Doc. 41, Exh. D.)) Flying J Defendants also sought supplemental discovery. (*Id.*) As of the date of this filing, Plaintiff Hill has still not produced any documents in response to Flying J Ranch's discovery requests. *See generally id.*

On May 3, 2024, Plaintiff submitted his Motion for Extension, which sought "a pause in the proceeding to all time to fine [sic] new representations[.]" (Doc. 41 at 2.) This date was also the deadline for simultaneous disclosures of liability experts and Plaintiff's damages experts; Defendants served their liability expert disclosure pleadings. (**Exh. D**, Defs.' Exp. Wit. Discls.) Plaintiff has not served any expert disclosures. Under the current Scheduling Order, the deadline to disclose Defendants' Damages Experts is June 3, 2024; Discovery is set to close on August 3, 2024; motions must be fully briefed by September 3, 2024; and a jury trial is set to begin on October 15, 2024. (Doc. 28.)

## II.   STANDARD OF REVIEW

Flying J Defendants adopt by reference the Standard of Review set forth in the brief of Defendant Wendt. (Doc. 41.)

## III.   ARGUMENT

### A. Plaintiff's motion should be denied because he consented to his attorney withdrawing.

Mr. Hill provided written consent to his attorney withdrawing from this case pursuant to Local Rule 83.3(b)(2). (Doc. 34.) This rule requires "the client's written consent to counsel's withdrawal, signed by the attorney and the client and acknowledging *the client's obligation immediately to retain new counsel or appear pro se*." *Id.* (emphasis added). In his consent to counsel's withdrawal, Mr. Hill advised the Court and parties that he "will proceed pro se." (Doc. 34 at 2.) Mr. Hill should not be permitted to claim prejudice by the withdrawal of his counsel or seek a blanket extension of deadlines, essentially vacating the scheduling order, when he consented to his attorney withdrawing and chose to proceed pro se instead of assuming the obligation to immediately retain new counsel. Even if Hill had not consented to the withdrawal of his counsel, it is doubtful that a blanket motion to stay proceedings would be granted because of the prejudice that such delay would cause Defendants. *See McCaul v. First Montana Bank, Inc.*, No. CV 17-41-BU-BMM-JCL, 2018 WL 9562922, at *2 (D. Mont. Oct. 30, 2018) (denying motion to withdraw and denying stay of proceedings).

Mr. Hill lacks good cause for "a pause in the proceedings to all time" to find a new attorney because he chose to consent to the withdrawal of his prior attorney.

### B. Being forced to comply with the Federal Rules of Civil Procedure does not provide good cause to indefinitely pause the proceedings.

Mr. Hill further justifies the request for an indefinite stay based on his apparent opposition to depositions of himself and his prior co-Plaintiff, Louisa Bissette. (*See generally* Doc. 40.) Mr. Hill appears to equate going through a deposition with being re-prosecuted for prior charges brought against him and Ms. Bissette. (*See id.*); *see Hill v. Montana Fifth Jud. Dist. Ct.*, No. OP 21-0352, 2021 WL 3879383 (Mont. Aug. 31, 2021). By deciding to file this lawsuit, Hill became subject to the Rules of Civil Procedure. The notices of depositions of Hill and Ms. Bissette comply with Rule 30(a)(1), F.R.Civ.P., (*see* Doc. 41-4, Exh. D,) and Hill does not contend otherwise. Non-compliance with the deposition process should be grounds for dismissal, not a reason for an indefinite delay in proceedings. *See Ostermiller v. Geartner*, 2020 WL 889024, at *2 (D. Mont. Feb. 5, 2020), *report and recommendation adopted,* No. CV 19-09-BLG-BMM-JTJ, 2020 WL 888029 (D. Mont. Feb. 24, 2020).

Mr. Hill also apparently asserts that the "threat" of "us[ing] the deposition process to obtain evidence against" him and Bissette is what "caused [his] counsel to withdraw from representing [his] co-plaintiff and [him] which has in turn caused

Ms. Bissette to withdraw as well." (Doc. 40 at 1-2.) This is nonsensical for the reasons discussed above, and Mr. Hill's prior attorney was surely aware of the high probability that Defendants would notice Plaintiffs' depositions. Further, Flying J Defendants had previously noticed the depositions of both Mr. Hill and Ms. Bissette, through consultation with their attorney. (*See* **Exh. C**.) While Flying J Defendants are unaware why Mr. Hill's counsel sought to withdraw (or why Mr. Hill consented), counsel did not previously object to depositions. (*See id.*)

### C. Plaintiff's claims of prejudice are unfounded and do not provide good cause for an extension.

Flying J Defendants reject the notion that Mr. Hill's obligation to comply with the Rules of Civil Procedure—in a lawsuit that he filed—has "caused an immense amount of stress to be placed upon the already unmanageable levels we are dealing with due to the defendants' action taken against us." Doc. 40 at 2. Besides Mr. Hill's failure to produce any documents in discovery supporting claims of emotional distress, the record demonstrates that he is responsible for his current litigation position.

Defendants Paul Burt and Ted Caldwell are both retired and partner/owners of Flying J Ranch, LLP. *See* Doc. 22 at 2. They have lived part time at the Foxley Manor Subdivision since 2008, where they raise alfalfa and occasionally spend time with family and grandchildren. *Id.* Their homes are next to the home and former

marijuana grow operation of Mr. Hill, who, in 2014, moved to the small subdivision

on Kezia Lane, which is near Dell, MT.



Mr. Burt and Mr. Caldwell contend that Mr. Hill has been threatening legal

action against them for several years. (*See e.g.* **Exh. E**, Excerpts of Flying J. Defs.'

Resp. to Interrog. Nos. 6 & 7; Text Messages Bates Stamped Flying J Ranch 77, 83,

88–91.) Over the years, Mr. Hill's behavior and language has been concerning to

Mr. Caldwell and Mr. Burt. (*See id.* Texts, at Flying J Ranch 77, 83, 88-91.) Notably,

as recently as April 18, 2024—just two days *after* Mr. Hill signed off providing

consent to his attorney withdrawing (Doc. 34 at 2)—Mr. Caldwell reported to law

enforcement that Mr. Hill hollered at him: "you f__ing idiot, you and your partner and that f__ing little David are going to get yours." (*Id.* at Flying J Ranch 90 (Mr. Hill's profanity omitted in texts).) Not only has Hill not attempted to show a good faith attempt to retain legal counsel "immediately" as required by Local Rule 83.3(b)(2), his actions indicate he is using this litigation for vindictive purposes and without regard for the Rules.

Mr. Hill's insinuations that he is being subjected to harassment because of his own decision to file this lawsuit are unfounded and contradicted by the record.

## IV.  CONCLUSION

Mr. Hill has not established good cause for pausing the proceedings for an indefinite amount of time. Flying J Defendants respectfully request that the Court deny his motion and allow this case to proceed pursuant to the parties' agreed upon Joint Discovery Plan (Doc. 19) and require that Plaintiff comply with the Federal Rules of Civil Procedure, the Scheduling Order (Doc. 28), and the Local Rules.

DATED this  8th  day of  May , 2024.


_____
         /s/ Peter B. Ivins
     Nicholas J. Pagnotta
     Peter B. Ivins
     *Attorneys for Defendants Paul Burt,*
     *Ted Caldwell, and Flying J Ranch, LLP*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing response brief complies with the 6,500 word limit of L.R. 7.1(d)(2)(A), in that it consists of 1,540 words as calculated by Microsoft Word 2016, excluding the parts of the brief exempted by the rule; and with L.R. 1.5(a), in that it is double spaced except for quoted material and footnotes, and typewritten in 14-pt font size.

/s/ Peter B. Ivins
Nicholas J. Pagnotta
Peter B. Ivins
*Attorneys for Defendants Paul Burt,*
*Ted Caldwell, and Flying J Ranch, LLP*

# CERTIFICATE OF SERVICE

I hereby certify that on the __8th__ day of __May__ , 2024, a copy of the foregoing was served upon the following by CM/ECF, U.S. Mail, Express Mail, E-Mail, Hand-Delivery, Fax, or Federal Express:

Chad Hill                                        [  ] ECF
P.O. Box 240080                                  [ X ]  U.S. Mail
Dell, MT 59724                                   [ X ]  E-Mail
chad@idahofishingoutfitters.com                  [  ]  Hand-Delivery
*Pro se Plaintiff*                               [  ]  Fax
                                                 [  ]  Federal Express

Jason M. Collins                                 [ X ] ECF
GARLINGTON, LONH &                               [  ] U.S. Mail
ROBINSON, PLLP                                   [ X ]  E-Mail
350 Ryman Street                                 [  ]  Hand-Delivery
P.O. Box 7909                                    [  ]  Fax
Missoula, MT 59807-7909                          [  ]  Federal Express
(406) 523-2500
Fax: (406) 523-2595
jmcollins@garlington.com
*Attorneys for Sheriff David Wendt*

_____
/s/ Shea Mann
Shea Mann, Paralegal