

CELEBRATING 50 YEARS
1973-2023

235 East Pine, P.O. Box 9440
Missoula, Montana 59807-9440
Tel: 406/721-4350
Fax: 406/721-6037

Mark S. Williams
Susan Moriarity Miltko
Nicholas J. Pagnotta
Amanda Z. Duman
James D. Johnson
Peter B. Ivins
Alexander T. Tsomaya
Hannah I. Higgins
Sean M. Morris

Shelton C. Williams (1940-2019)

May 2, 2024

*Via Email & First Class U.S. Mail*:

Chad Hill
P.O. Box 240080
Dell, MT 59724
chad@idahofishingoutfitters.com

RE:   2:23-CV-0034-DWM
       Hill, et al. v. Wendt, et al.
       WLF File:   Burt 9464 (njp-pbi-hc)

Dear Mr. Hill,

If you have retained a new attorney in this matter, please let me know as soon as possible and forward this letter to them.

We need to schedule the depositions of you and Louiza Bissette. The attorney for Defendant Wendt and I are currently available **June 12 and June 13, 2024**. We scheduled the deposition of Ms. Bissette for June 12, at 10:00 a.m., and yours for June 13, at 9:00 a.m. The depositions will occur at the offices of Nordhagen Court Reporting, located at 1734 Harrison Ave., Butte, MT 59701. Enclosed are the Notices of Deposition for you and Ms. Bissette. If these dates do not work for your depositions, we can try and reschedule. However, as we have a limited amount of time for discovery left in this case, we believe we need to complete the depositions very soon.

Also enclosed please find *Defendants Paul Burt and Ted Caldwell's First Discovery Requests to Plaintiffs*. Your responses to these discovery requests are due in 30 days.

This letter is also intended to meet and confer with you regarding the need for you to provide supplemental responses to discovery that we previously served on your previous attorney, Timothy Bechtold. We refer to *Plaintiffs' Responses to Defendant Flying J Ranch, LLP's First Discovery Requests* (A copy of your Responses previously served by your former attorney are enclosed for your reference).

Specifically, we request that, **within 15 days**, you supplement the following responses:

**Interrogatory No. 7** requested:

> Describe separately each item and category of general and special damages you are seeking in this action, state the dollar amount you seek for each item and category and state the basis of your calculation for each item and category.

Your Answer from March 13, 2024, stated:

> **ANSWER:** Plaintiffs lost a significant amount of income and business while undergoing criminal investigation and defending the criminal charges brought in 2020. Plaintiffs' loss of business and the cost of ongoing litigation resulted in financial debt. Damages include pain and suffering and emotional distress in amounts to be determined at trial. This response will be supplemented in due course.

We request that you more fully answer the Interrogatory, as it requests the dollar amount of damages sought for each item and category of general and special damages and the basis of your calculation for each item and category. Specifically, we request that you specify and state the basis for the loss of business you have incurred; the amount and basis for cost of ongoing litigation costs you claim, and the financial debt you claim. We also request that you state the amount and bases for the pain and suffering and emotional distress that you claim.

The response to Interrogatory No. 7 states that it will be supplemented in due course, however, no supplementation has been provided.

**Interrogatory No. 12** requested:

> If, as a result of the incident which is the basis of this action, you have lost income, wages, or earning capacity from any source or any employment in the past, or you anticipate future loss of income, wages or earning capacity, then for each employment and for each source, identify the name and address of the employer, describe what caused the loss, and give a complete, detailed computation of the total lost income, earning capacity or wages to date, including the time that was lost in the employment, giving the inclusive dates thereof, the gross amount of income, wages or earnings lost, and the net take home pay. Please describe in detail your future loss of income, earning capacity or wages, and set forth the computation of future lost income, earnings, wages and lost earning capacity.

Your Answer from March 13, 2024, stated:

> **ANSWER:** Such financial loss requires expert opinion. This response will be supplemented in due course.

While some of the information could involve expert testimony, we believe that some of the requested information should be available, including the source of any lost income in the past, the source of any lost income in the future, a description of what caused the loss, the dates that lost income existed, and the amount claimed.

The response to Interrogatory No. 12 states that it will be supplemented in due course, however, no supplementation has been provided.

**Interrogatory No. 13** requested:

> If you at any time, either before or after the events here involved, have ever received psychological or psychiatric counseling, or have taken drugs for treatment of depression, anxiety, neurosis, or other types of mental illness, disease, or condition, for each such doctor or course of treatment, please identify the doctor or psychologist involved, the place and dates of treatment, describe the condition being treated, and identify any medication taken by you related to the condition.

Your Answer from March 13, 2024, stated:

> **ANSWER:** Chad Hill has previously seen mental health professional at Tueller Counseling, Kevin and Cam (last names unknown). Hill was never prescribed drugs but was treated for depression, anxiety, stress through talk therapy.

We request that you reasonably search to find the last names of "Kevin and Cam" referred to in this Answer. We also request that you provide the dates and places of treatment.

**Request for Production No. 1** requested:

> Please produce copies of all documents, photographs, drawings, or items of tangible evidence known to you which tend to support or contradict your claims for liability and your claims for special and general damages.

Your Answer from March 13, 2024, stated:

> **RESPONSE**: Plaintiffs are working on compiling documents but it will take additional time and effort. This response will be supplemented as documents become available.

We request that you provide all documents, photographs, or other tangible evidence that supports or contradicts your claims for liability and claims for special and general damages. The response to Request for Production No. 1 states that it will be supplemented as documents become available, however, no supplementation has been provided.

**Request for Production No. 3** requested:

> Please produce copies of all documents or items of tangible evidence known to you which tend to support or contradict your claim for lost earnings and lost earning capacity.

Your Answer from March 13, 2024, stated:

> **RESPONSE**: Please see answers to Interrogatory Number 12 and Request for Production Number 1.

We request that you provide all documents that may bear on the claim for lost earnings and lost earning capacity. The response to Request for Production No. 3 references the responses to Interrogatory No. 12 and Request for Production No. 1, however, those responses do not provide us with any particular information whatsoever regarding the loss of information you claim or the bases for such claims. The information and the documentation supporting a loss of income claim are necessary for us to respond to the claims being asserted in this case and to evaluate the need to hire an expert to respond.

**Request for Production No. 4** requested:

> Please produce complete copies of all Federal and State income tax returns for the years commencing with 2018, and ending with the last full year prior to the commencement of trial in this case.

Your Answer from March 13, 2024, stated:

> **RESPONSE**: Documents are not currently available in electronic format. Plaintiffs are working on receiving copies to disclose. This response will be supplemented when documents arrive.

We request that you provide your state and federal tax returns from 2021, 2022, and 2023. Again, such documents that may bear on the claim for lost earnings and lost earning capacity. The response to Request for Production No. 4 states that it will be supplemented, however, no supplementation has occurred. These documents are necessary for us to respond to the claims being asserted in this case and to evaluate the need to hire an expert to respond.

**Request for Production No. 5** requested:

> Please produce copies of all documents which tend to support or contradict your claim that Defendants published defamatory statements about you to third persons, including but not limited to, copies of any such defamatory statements.

Your Answer from March 13, 2024, stated:

> **RESPONSE**: There are no documents currently in Plaintiffs' possession of defamatory statements made by Defendants. When/if these documents become available, this response will be supplemented..

To the extent any responsive documents have been located, we request that you produce them.

**Request for Production No. 6** requested:

> Please produce copies of all documents or items of tangible evidence which tend to support or contradict your claim that Defendants' acts and omissions resulted and caused Plaintiffs to suffer serious or severe emotional distress.

Your Answer from March 13, 2024, stated:

> **RESPONSE**: Retrieving these documents from outside medical offices requires additional time. This response will be supplemented as the documents become available.

The response to Request for Production No. 5 states that it will be supplemented, however, there has been no supplementation. Documents and medical records related to your claim for emotional distress are critical in this case. Such documentation is also necessary for us to evaluate the need to hire an expert.

**Request for Production No. 10** requested:

> Please produce copies of all bills for services rendered to you by any medical provider in connection with your claims.

Your Answer from March 13, 2024, stated:

> **RESPONSE**: Retrieving these documents from outside medical offices requires additional time. This response will be supplemented as the documents become available.

The response to Request for Production No. 10 states that it will be supplemented, however, there has been no supplementation. Billing records are related to your claim for emotional distress are critical in this case. Such documentation is also necessary for us to evaluate the need to hire an expert.

**Request for Production No. 11** requested:

> Please produce copies of any and all medical reports and records generated by any medical provider for the past 10 years.

Your Answer from March 13, 2024, stated:

> **RESPONSE**: Plaintiffs object to this request as 10 years of reports and records is unduly burdensome and not proportional to the needs of the case. Subject to and without waiving the objections, retrieving these documents from outside medical offices requires additional time and effort. This response will be supplemented as the documents become available.

While your response to Request for Production No. 11 states a limited objection, it also demonstrates that at least some of your pre-incident medical records are related to the case. We contend that 10 years of records are necessary and critical in this case because your allegations stem at least from 2018. Because you are claiming emotional distress damages as a result of the claimed actions of the defendants, medical records that may document emotional distress issues from before 2018, are relevant and critical to this case. Such records are also necessary for us to evaluate the need to hire an expert.

Under the Court's Scheduling Order, Defendants' deadline to disclose damages experts is currently set for June 3, 2024. And we are scheduling depositions for June 12 and June 13, 2024. We believe it is critical that you supplement the discovery responses above so we can comply with the Court's Order.

Such documentation is necessary to prepare for the depositions and to evaluate the need to hire an expert to respond to your claims. Because of the urgent need for the documentation, we request that you supplement and provide the information and documentation requested above by **May 17, 2024**.

If you disagree with any of the assertions made above regarding the reasonableness of the discovery requests, please let us know so that we may further meet and confer. We prefer to not involve the Court with discovery matters and will make reasonable attempts at reaching a resolution regarding what is requested.

However, please be advised that a party's failure to respond to discovery, failure to comply and provide full and adequate discovery responses and production, and the failure to comply with a Court order requiring discovery, may lead the Court to impose sanctions, which may include the Court dismissing an action in whole or in part. *See Hubbard v. Sheffield*, No. CV 12-36-M-JCL, 2014 WL 1309175, at *13 (D. Mont. Mar. 31, 2014), *aff'd,* 669 F. App'x 443 (9th Cir. 2016); *Monroe v. Russell*, No. CV 13-283-M-DWM-JCL, 2014 WL 7530384, at *2 (D. Mont. Dec. 9, 2014), *report and recommendation adopted,* No. CV 13-283-M-DWM-JCL, 2015 WL 163044 (D. Mont. Jan. 13, 2015).

If we do not receive the requested written discovery and document production, we reserve the right to seek appropriate relief from the Court, which may include, but not necessarily be limited to, filing a Motion to Compel, a Motion for Sanctions, or other appropriate motion.

We look forward to receiving your supplemental responses to the discovery requests identified above and will plan for the depositions of you (June 13, 2024) and Louiza Bissette (June 12, 2024).

If you need to respond to this letter, you may do so via e-mail. Thank you for your attention to these matters.

Yours truly,

WILLIAMS LAW FIRM, P.C.

*/s/ Peter B. Ivins*

Peter B. Ivins
PBI:ks
peter@wmslaw.com
721-4350 x184
Enclosures:   *Notice of Deposition for Chad Hill*
              *Notice of Deposition for Louiza Bissette*
              *Defendants Paul Burt and Ted Caldwell's First Discovery Requests to Plaintiffs*
              *Plaintiffs Responses to Flying J's First Discovery Requests*

cc     Jason Collins